UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 23-81267-CIV-LEIBOWITZ

**CHRISTOPHER SADOWSKI,**

    Plaintiff,

v.

**FYI NETWORKS, LLC,**

    Defendant.

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant—FYI Networks, LLC ("FYI")—moves to dismiss the First Amended Complaint, [ECF No. 6], filed by Plaintiff—Christopher Sadowski ("Plaintiff")—with prejudice. In support of its Motion, FYI states as follows:

**INTRODUCTION**

This is an action for copyright infringement arising from the incorporation of images in news report articles published online by FYI. If, at this point, first-amendment and fair-use alarms are ringing, it is with good reason.

FYI is an online news reporting website created in 2021. FYI's founders—motivated by their interest in publishing and disseminating news stories that its founders believed were less frequently reported by mainstream media, not by profit (as indicated by the absence of advertisements on its website)—developed FYI to report on current events, politics, tech, money, and living, among other things, as depicted by its website's banner. Am. Compl. Ex. C. A copy of

Case No.: 23-81267-CIV-LEIBOWITZ

FYI's homepage is attached as "Exhibit 1." Much like Google News, FYI locates trusted news sources, identifies stories that fit within the mission of FYI, and aggregates snippets of articles to create its own. Like many news reporters—be they printed press or online—FYI oftentimes includes images in its news reports that are related to the initial news source, as they add color and context to information published. In doing so, however, FYI is careful to credit authors where the authors are known, *see, e.g.*, Am. Compl. Ex. C at 2, 5, and to disclaim any ownership of works incorporated into its news reports, *id*. at 7, 4.

In 2021, FYI sourced two of its online news reports from the New York Post which incorporated images in its own articles. *See id.* at 2, 5 (hereinafter collectively referred to as the "Reports"). FYI included the images used for their contextual value to FYI's reports. *Id.* As alleged in the Complaint, the images at issue, Am. Compl. at ¶¶ 12, 15 (collectively, the "Works"), belong to Plaintiff who, for the last 19 years, has made a career out photographing "ordinary life and the human condition." *Id.* at ¶7. However, Plaintiff's financial success over the past 19 years is not so much attributable to the photographs themselves as it is to Plaintiff's practice of copyright trolling.[1]

Plaintiff's business model involves leveraging his photographs to extort would-be-defendants and defendants alike with threats of copyright infringement in amounts that are not worth defending, resulting in payouts or default judgments against parties who do not respond. In order to do so, Plaintiff captures recorded observations, manipulates the metadata data in his digital photographs, and then provides his photographs to, *inter alia*, the New York Post. *See id*. at ¶6. After the photos are published, Plaintiff—through the use of technology—searches the internet to find the images in use by some other source. Once identified, the Plaintiff threatens users of the

---

[1]   *See generally*, Brad A. Greenberg, *Copyright Trolls and Presumptively Fair Uses*, 85 U. COLO. L. REV. 53 (2014). Courts around the nation have denounced this practice. *See, e.g., Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 529 F. Supp. 3d 605, 617 (N.D. Tex. 2021) ("extorting [defendants] by abusing the Copyright Act . . . will not be tolerated."), *aff'd*, 27 F.4th 313 (5th Cir. 2022).

images with suit if the payment Plaintiff demands is not made. *See, e.g.*, *id.* at ¶36. According to a PACER search, Plaintiff has filed over 190 copyright lawsuits over the course of nine years, close to forty during the year that the Complaint at issue was filed alone. A copy of the results populated by FYI's PACER search is attached as "Exhibit 2."[2]

On September 14, 2023, Plaintiff initiated suit against FYI and made it one of Plaintiff's many targets. Plaintiff asserts in its operative complaint (the "Amended Complaint") that FYI infringed Plaintiff's copyrights in the Works by republishing them online. However, in doing so, Plaintiff ignores its own acknowledgment that FYI "is a news website that covers local, state, and national politics, technology, and the economy," *id.* at ¶19, and that FYI's use of the images was made in furtherance of FYI's news reporting, *see* Am. Compl. Ex. C at 2, 5.

By making clear on the face of its Amended Complaint that FYI's use of the images is a fair use within the meaning of the Copyright Act, Plaintiff has failed to state a viable claim for copyright infringement. As discussed in greater detail *infra*, this Court can, and should, dismiss Plaintiff's Amended Complaint on this basis and do so with prejudice, as any amendment would be futile in light of the incurable nature of Plaintiff's admissions.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule

---

2. It is projected that, accounting for the number of cases likely settled without filing a lawsuit, Plaintiff has asserted copyright infringement claims in amounts far greater than those reflected on PACER.

8(a), the defendant may file a motion to dismiss the plaintiff's claims for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Thus, while a claim need not provide "detailed factual allegations," the "[f]actual allegations must be enough to raise a right of relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, a "formulaic recitation of the elements of a cause of action will not do," and the court is not bound to accept as true a legal conclusion improperly stated as a "factual allegation" in the complaint. *See Asbury v. Slider*, 2020 WL 871097, at *2 (M.D. Fla. Feb 21, 2020) (citing *Iqbal*, 556 U.S. at 677–78 (2009)). After disregarding allegations that "are not entitled to the assumption of truth," the court must determine whether the complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then whether the complaint is plausible on its face. *Iqbal*, 556 U.S. at 663, 679 (citing *Twombly*, 550 U.S. at 556).

In order to assist it in its determination of a 12(b)(6) motion, the court may rely on the complaint, its attachments, "documents incorporated into the complaint by reference, and matters

of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007). *See also GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A court may also consider documents that a defendant attaches to a motion to dismiss if they are central to the plaintiff's claims and their contents are not in dispute. *Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1278 (11th Cir. 2015) (citing *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir.2007)).

Applying these standards here, Plaintiff's Amended Complaint fails to state a viable claim for copyright infringement upon which relief may be granted and, instead, acknowledges the facts necessary to negate such a claim, making any would-be amendment futile. As such, Plaintiff's Amended Complaint is due to be dismissed with prejudice.

## ARGUMENT

To properly state a claim of copyright infringement, a Plaintiff must allege that (1) he owns a valid copyright in the works at issue; and (2) defendant copied original elements of the works. *Calhoun v. Lillenas Publishing*, 298 F.3d 1228, 1232 (11th Cir. 2002). However, where a defendant's use of a protected work is a fair use within the meaning of the Copyright Act, "the fair use of [the] copyrighted work . . . is not an infringement of copyright." 17 U.S.C. §107.

Here, Plaintiff's allegations in its Amended Complaint, its attachments, and all supporting documents central to Plaintiff's claims clearly establish that (I) FYI's use of the Works is protected by the Fair Use Doctrine, which—in this instance—can be considered at the motion to dismiss stage, as articulated in greater detail *infra*; and that (II) no could-be amendment would alter or change that, making any effort to amend futile. It follows, then, that Plaintiff's Amended Complaint should be dismissed with prejudice.

**I.     The Amended Complaint Makes Clear on its Face that the Fair Use Doctrine Bars the Relief Plaintiff Seeks and, as such, Plaintiff has Failed to State a Viable Claim for Copyright Infringement.**

Under the Copyright Act, the exclusive rights afforded to copyright owners do not extend to "fair uses" of copyrighted works; therefore, anyone who makes a fair use of a copyrighted work is not an infringer of the copyright with respect to such use. *See id.*; *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 432 (1984). Put simply, fair use is a complete defense to a claim of copyright infringement. *See Fuentes v. Mega Media Holdings, Inc.*, 09-22979-CIV, 2011 WL 2601356, at *5 n.2 (S.D. Fla. June 9, 2011), *report and recommendation adopted*, 09-22979-CIV, 2011 WL 2609550 (S.D. Fla. June 30, 2011).

While affirmative defenses are not generally considerations at the motion to dismiss stage, *Miller v. Suriel Group, Inc.*, 19-24936-CIV, 2020 WL 6122246, at *2 (S.D. Fla. July 22, 2020), the court "may . . . dismiss a claim based on an affirmative defense if that defense 'clearly appears on the face of the complaint.'" *Kobi Karp Architecture & Interior Design, Inc. v. O'Donnell Dannwolf & Partners Architects, Inc.*, 19-24588-CIV, 2020 WL 4287005, at *2 (S.D. Fla. July 27, 2020) (quoting *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984)).

Therefore, this Court can, and should, dismiss Plaintiff's Amended Complaint based on FYI's fair use of the Works. As discussed in greater detail *infra*, Plaintiff's Amended Complaint makes clearly apparent on its face that FYI's use of the Works is protected by the Fair Use Doctrine and, as such, Plaintiff's Amended Complaint should be dismissed.

   A.     Plaintiff's Amended Complaint Acknowledges that FYI is a News Reporter and, thus, FYI's Use of the Works in its Reporting is a Statutorily Authorized Fair Use.

Congress has listed "news reporting" in the preamble of Section 107 as a paradigmatic example of a fair use. *Harper & Row Publ'rs, Inc. v. Nation Enters.*, 471 U.S. 539, 592 (1985). As

expressed by Congress, "the fair use of a copyrighted work . . . for purposes such as . . . news reporting . . . is not an infringement of copyright." 17 U.S.C. § 107.

Here, Plaintiff's Amended Complaint makes clear on its face that FYI is a news reporter, entitling it to a Fair Use defense. Indeed, Plaintiff acknowledges that FYI "is a news website that covers local, state, and national politics, technology, and the economy." Am. Compl. at ¶19. Additionally, the exhibits attached to, and incorporated into, the Amended Complaint depict FYI's news reporting nature. *Id*. at ¶¶21, 22; Am. Compl. Ex. C. For example, the exhibits depict the following from top to bottom: (1) FYI's logo, which reads "News Information Confirmation"; (2) FYI's link banner, which allows access to reports on, *inter alia*, "news," "politics," "tech," and "money"; (3) indication above the reports' main headings that the news articles are for "National" news; and (4) the typical indications of news reports (i.e., report headings, subheadings, depictions, and bodied text). *Id.* Additionally, and worth noting, is that Exhibit C to Plaintiff's Complaint includes the link path to access the article, which also establishes that the specific articles in question are news reports. Am. Compl. Ex. C. To be sure, the link's path reads as follows " . . . fyi.com/news/national/anti-police-attitude-in-new-york-causing-has [sic] -nypd-officers-leaving-in-droves/." *Id.* (emphasis added).

Thus, by Plaintiff's own acknowledgment—both explicit and incorporated—FYI is a news reporter and, by choosing to include its acknowledgment in its Amended Complaint, Plaintiff is bound by the Court's acceptance of that fact as true (which the pleadings make clear) at the motion to dismiss stage. As such, FYI's incorporation of the Works in its news reporting falls squarely within the activity contemplated by Congress as a fair use that does not constitute infringement on copyrights. In light of this fact alone, clearly apparent from the face of the complaint, the Court

should dismiss Plaintiff's Amended Complaint for failure to state a viable claim upon which relief may be granted.

> B. Even Absent Plaintiff's Admission of FYI's Status as a News Reporter, the Facts that Plaintiff Alleges Support Weighing the Fair Use Analysis in Favor of FYI.

In addition to the illustrations of fair use provided in Section 107, Congress has codified four non-exhaustive factors considered when determining whether a use is considered a "fair use": "(1) the purpose and character of the allegedly infringing use; (2) the nature of the copyrighted work; (3) the amount of the copyrighted work used; and (4) the effect of the use on the potential market or value of the copyrighted work." *Katz v. Google*, 802 F.3d 1178, 1181 (11th Cir. 2015). The four factors are "not to be treated in isolation from one another." *Id*. "Rather, they are all to be explored, and the results weighed together, in light of the purposes of the copyright." *Id.*

In the case at bar, the Amended Complaint evidences on its face that the overwhelming majority of the factors, if not all of the factors, weigh in favor of fair use and, therefore, no viable claim for copyright infringement exists. A review of the Amended Complaint as applied to each of the four fair use factors makes this clear.

> 1. *The Complaint Establishes that the Purpose and Character of FYI's Use of the Works is Educational and Transformative, Weighing in Favor of Fair Use.*

The purpose and character of the allegedly infringing work requires consideration of "(1) whether the use serves a nonprofit educational purpose, as opposed to a commercial purpose; and (2) the degree to which the work is a transformative use, as opposed to a merely superseding use, of the copyrighted work." *Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1309 (11th Cir.2008). Non-commercial uses of a copyrighted work are, in general, more likely to qualify as fair use than commercial uses; however, commercial gain is not dispositive. *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 585 (1994).; *Katz.*, 802 F.3d at

1182. To satisfy the transformative prong, the use must "add[] something new, with a further purpose or different character, altering the first with new expression, meaning, or message." *See Campbell*, 510 U.S. at 579.

Applying these standards here, the Amended Complaint establishes that the purpose and character of FYI's use of the Works weighs in favor of fair use. First, the purpose of FYI's use is informative and educational, not commercial. Plaintiff has acknowledged that FYI operates as a reporting entity that provides its readership with news not routinely covered by other sources, Am. Compl. at ¶19, a function that is informative and educational at its core. However, even if Plaintiff were to argue that there is a commercial use to FYI's use, which there is not, such a use would not be dispositive as the informative and educational purpose far outweighs any commercial purpose. Second, the character of FYI's use is sufficiently transformative to weigh in favor of fair use. As Plaintiff acknowledges in its Amended Complaint, the Works, like all of Plaintiff's works, capture and convey "ordinary life and the human condition," Am. Compl. at ¶7, whereas the Works, when included by FYI within the context of its reporting and of the Reports in particular, comment on, and further the Reports' commenting on, current events such as crime rates, among other things, in this case.

It follows, then, that Plaintiff has established by way of the allegations in, and exhibits to, his Amended Complaint that the purpose and character of FYI's use of the Works is educational and transformative, thus weighing in favor of fair use.

2. *Plaintiff's Allegations Acknowledge that Plaintiff's Works are Minimally Creative and Frequently Published.*

In evaluating the nature of the copyrighted work, courts consider (1) whether the work was previously published and (2) whether the work is primarily creative or factual. *See Harper & Row Publishers, Inc.*, 471 U.S. at 563–64. The more creative a copyrighted work, the closer it is to the

9

core of the scope of copyright protection. *See Stewart v. Abend*, 495 U.S. 207, 237–38 (1990). Whether a work is published or unpublished has been called a "critical" element of its nature. *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 820 (9th Cir. 2003). Uses of published works are more likely to qualify as fair use because the author of the original work has already exploited the commercially valuable right of first publication. *See id.*; *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1167 (9th Cir. 2007).

Here, Plaintiff expressly alleges all the facts necessary to indicate that the nature of the Works lends itself to fair use. As frequently repeated *supra*, Plaintiff acknowledges in his Amended Complaint that the Works are not the product of a high degree of creativity. In fact, Plaintiff's Amended Complaint is absent of any conclusory allegation that his works are creative in nature, much less any allegations that he engages in more creative practices such as staging scenery or planning out concepts. Instead, Plaintiff confirms the opposite by alleging that his works "document[] ordinary life and the human condition," Am. Compl. at ¶7, and the works reflect the same, *id.* at ¶¶12, 15. Additionally, Plaintiff acknowledges that his Works were published prior to FYI's use. Plaintiff specifically alleges in his Amended Complaint that "[FYI] located a copy of the Work[s] on the internet," *id.* at ¶26, and that "[a]s a result of plaintiff's reproduction, distribution, and public display of the Work[s], Defendant had access to the Work[s] prior to [FYI's] own reproduction, distribution, and public display of the Work[s] on its website," *id.* at ¶32.

In other words, Plaintiff's Amended Complaint acknowledges that Plaintiff has already exploited the commercially valuable right of first publication of the Works, which it also acknowledges, both expressly and impliedly, are not substantially creative. As such, Plaintiff's

Case No.: 23-81267-CIV-LEIBOWITZ

Amended Complaint establishes that the Works lend themselves to fair use and, accordingly, this factor weighs in favor of FYI's fair use.

        3.    *The Complaint Establishes that the Amount of the Copyrighted Work Used Weighs in Favor of a Finding of Fair Use.*

In considering the amount of the copyrighted work used, the court must ask whether the defendant has "helped [itself] overmuch to the copyrighted work in light of the purpose and character of the use." *Peter Letterese & Assocs.*, 533 F.3d at 1314 (quotation omitted). This factor "weighs less when considering a photograph—where all or most of the work often must be used in order to preserve any meaning at all—than a work such as a text or musical composition, where bits and pieces can be excerpted without losing all value." *See Fitzgerald v. CBS Broad., Inc.*, 491 F.Supp.2d 177, 188 (D.Mass.2007); *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1178 (9th Cir.2013).

In this case, Plaintiff's incorporation of the Works and FYI's use of the same in his Amended Complaint indicates that FYI did not intend, and indeed did not, help itself to more of the copyrighted work than it should have in light of the purpose and character of FYI's use. To be specific, FYI does not use the full frame of the Works in its Reports. *Compare* Am. Compl. Ex. C at 2 *with* Am. Compl. at ¶12 *and* Am. Compl. Ex. C at 5 *with* Am. Compl. at ¶15. In both of FYI's uses of the Works, FYI crops the Works such that the left and right margins are reduced, in one instance cropping the left margin of one of the Works to exclude the rear bumper and fender of the police vehicle depicted. *Compare* Am. Compl. Ex. 12 *with* Am. Compl. Ex. C at 2.

Thus, Plaintiff's Amended Complaint includes sufficient information to indicate on its face that FYI's choice to use an amount of the Works that is less than the fullness of the Works themselves weighs in favor of finding that FYI's use of the Works in this context was a fair use.

11

      4.     *Plaintiff's Complaint Indicates that FYI's Use of the Works is not Likely to Deprive Plaintiff of its Market Revenue.*

Market harm is said to exist where the owner of the copyrighted work is likely to lose royalties or licensing revenue. *Zomba Enters., Inc., v. Panorama Records, Inc.*, 491 F.3d 574, 583–84 (6th Cir. 2007). However, "[w]ere a court automatically to conclude in every case that potential licensing revenues were impermissibly impaired simply because the secondary user did not pay a fee for the right to engage in the use, the fourth fair use factor would *always* favor the copyright holder." *Am. Geophysical Union v. Texaco, Inc.*, 60 F.3d 913, 930 n.17 (2d Cir.1994) (emphasis added). Thus, a harm to a license market does not exist merely by virtue of using a work without paying a licensing fee to do so. *Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 614 (2d Cir. 2006)

Applying these standards here, the Amended Complaint establishes that FYI's use has not impacted Plaintiff's market revenue. Indeed, Plaintiff alleges that he has successfully published his works on the internet, Am. Compl. at ¶26, and, moreover, that his publication includes "reproduction, distribution, and public display of the Work[s]," *id*. at ¶32. Additionally, Plaintiff alleges that his works are frequently published by numerous newspapers and magazines, going so far as to list over two dozen entities, *id*. at ¶6, suggesting—when compared with the number of actions that Plaintiff has initiated against defendants for similar uses, *see* Ex. 2, that FYI's use has minimal, if any, impact on Plaintiff's Market revenue. As such, Plaintiff has alleged in his Amended Complaint facts sufficient to indicate that his factor weighs in favor of FYI.

At bottom, the allegations and exhibits that Plaintiff has chosen to include in its Amended Complaint make clearly apparent on the face of the Amended Complaint that FYI used the Works in the course of its news reporting, as explicitly permitted by the Copyright Act, and that notwithstanding Plaintiff's explicit acknowledgment of that function, Plaintiff's Amended

Case No.: 23-81267-CIV-LEIBOWITZ

Complaint nonetheless establishes that FYI engaged in the fair use of the Works. It follows, then, that because the fair use defense is clearly apparent on the face of Plaintiff's Amended Complaint, Plaintiff has failed to state a viable claim for copyright infringement upon which he may be granted relief and his Amended Complaint should be dismissed.

**II.     Dismissal Should Be Issued with Prejudice, as Amendment Would not Change FYI's Status as a News Reporter or the Fair Use of FYI's Use of the Works.**

Leave to amend is not warranted: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir.2005).

Plaintiff should not be granted leave to amend and dismissal should be issued with prejudice, as amendment would be futile. As an initial matter, Plaintiff is the master of his case and of his complaint. Plaintiff has willfully chosen the allegations that he included in his Amended Complaint and, with it, the admissions that he made of the nature of FYI's reporting, the nature of Plaintiff's Works, and the nature of FYI's use of the Works. Accordingly, Plaintiff should be held to those allegations and to the facts. Even assuming Plaintiff could rightfully amend to remove his admissions, the proposed amendment would still need to rely on FYI's Reports, published on its website, a news reporting entity. As such, allowing Plaintiff to amend would be futile, as, even if amended, Plaintiff would not be able to circumvent the fact that FYI's use of the Works was in furtherance of news reporting and, thus, a fair use. Accordingly, Plaintiff's Amended Complaint should be dismissed with prejudice.

WHEREFORE, FYI Networks, LLC respectfully requests that the Court enter an order dismissing Plaintiff's Amended Complaint with prejudice and issuing further relief as it deems just and proper.

Case No.: 23-81267-CIV-LEIBOWITZ

Respectfully submitted,

By: */s/ Sergio E. Molina*
    Sergio E. Molina
    Florida Bar No. 1031693

**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel.: (305) 858-2900
Fax: (305) 858-5261
smolina@coffeyburlington.com
bdiaz@coffeyburlington.com
service@coffeyburlington.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 22, 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served on all counsel of record entitled to receive service in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

By:   */s/ Sergio E. Molina*
    Sergio E. Molina