UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:23-cv-81267-LEIBOWITZ

CHRISTOPHER SADOWSKI,

    *Plaintiff*,

v.

FYI NETWORKS, LLC,

    *Defendant.*

_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss (the "Motion") [ECF No. 41] filed March 22, 2024. Defendant moves to dismiss Plaintiff photojournalist's Amended Complaint, which alleges copyright infringement, on the grounds that Defendant news organization's use of Plaintiff's copyrighted photograph without permission was lawful under the fair use doctrine. [*Id.* at 5–13]. Consequently, Defendant argues that Plaintiff fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). [*See id.* at 1, 3–5]. In short, Defendant acknowledges using Plaintiff's copyrighted photograph without Plaintiff's consent, but argues it is not liable for infringement because of its status as a "News Reporter." [*Id.* at 6–8]. Plaintiff filed an opposition to the Motion [ECF No. 45], and Defendant has replied [ECF No. 48]. The Motion is, therefore, ripe for resolution. Upon due consideration, the Court finds that Plaintiff has stated a *prima facie* case of copyright infringement and that a motion to dismiss is not the proper means by which to resolve Defendant's fair use defense. Accordingly, Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is DENIED.

### I.    PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations, taken as true, are as follows:

Plaintiff is an award-winning photojournalist and is widely published in some of the world's most important newspapers and magazines, including but not limited to, the *New York Post, Daily Mail Online, Reader's Digest, USA Today, New York Times, Fox News, CBS News, NBC News, Boston Globe, Boston Herald, Los Angeles Times, Newsweek Magazine,* and *People Magazine*. [ECF No. 6 ¶6]. For the past nineteen (19) years, Plaintiff has been self-employed as a professional photographer who specializes in photo-documenting ordinary life and the human condition. [*Id.* ¶7]. Plaintiff uses state-of-the-art equipment to create high-end photography licensed by some of the top publishers in this Country. [*Id.* ¶9]. When commissioned for a job, Plaintiff spends countless hours capturing hundreds of photographs and then processing those photographs to ensure they meet customers' requirements. [*Id.*].

Plaintiff maintains a commercial website (http://www.csnyphoto.com) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Plaintiff, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot. [*Id.* ¶10]. Plaintiff owns the photographs and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. [*Id* ¶11]. To that end, Plaintiff's standard terms include a limited, one-time license for use of any single photograph by the customer only. [*Id.*]. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity. [*Id.*].

In 2020, Plaintiff created a professional photograph of an NYPD vehicle titled "092720nypd21CS." (the "First Photograph"). [*Id.* ¶12]. A copy of the First Photograph is exhibited below:



Plaintiff registered the Work with the Register of Copyrights on December 31, 2020, and the Registrar assigned the Work "Registration No. VA 2-240-941." [*See* ECF No. 6–1].

In 2021, Plaintiff created a professional photograph of a woman approaching a vehicle titled "060621hookers62CS" (the "Second Photograph"). [ECF No. 6 ¶15]. A copy of the Second Photograph is exhibited below.



Plaintiff registered the Second Photograph with the Register of Copyrights on September 30, 2021, and was assigned Registration No. VA 2-273-134. [*See* ECF No. 6–2]. Plaintiff is the owner of the Second Photograph. The First Photograph and Second Photograph are collectively referred to herein as the "Work." [ECF No. 6 ¶¶17, 18].

Defendant is a news website that covers local, state, and national politics, technology, and the economy. [*Id.* ¶19]. Defendant is self-proclaimed to provide the news the mainstream media censors or refuses to report. [*Id.*]. Defendant advertises/markets its business primarily through its website (https://fyi.com/), social media (e.g., https://www.facebook.com/FollowUsAtFYI and https://twitter.com/followfyi), and other forms of advertising. [*Id.* ¶20].

In April 2021 (after Plaintiff's above-referenced copyright registrations of the Work), Defendant published a copy of the First Photograph on its website (at https://fyi.com/news/national/anti-police-attitude-in-new-york-causing-has-nypd-officers-leaving-in-droves/). [*See* ECF No. 6–3]. In July 2021, Defendant posted the Second Photograph on its website. [ECF No. 6 ¶22].



Defendant is not and has never been licensed to use or display the Work. [*Id.* ¶24].

Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose. [*Id.*]. Defendant utilized the Work for commercial use – namely, the marketing of its business. [*Id.* ¶25].

Plaintiff alleges that he owns the copyrights of the Work, and that Defendant posted the Work to its websites on two occasions without permission. [*Id.* ¶27]. Plaintiff further alleges that Defendant's unauthorized use of the Work constitutes copyright infringement, pursuant to 17 U.S.C. § 501, by violating Plaintiff's exclusive rights in the Work. [*Id.* ¶¶30–34]. He seeks actual damages or statutory damages in the alternative. [*Id.* ¶¶38, 39]. He also sees a permanent injunction, "enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity." [*Id.* ¶41f.].

## II.     LEGAL STANDARD

To survive a Rule 12(b)(6) motion, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The court generally is limited in its review to the "four corners of the complaint[,]" *Speaker v. U.S. Dep't of Health & Human Servs.,* 623 F.3d 1371, 1379 (11th Cir. 2010), and must accept all well-pled factual allegations as true, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The Court does not make factual determinations in evaluating a motion to dismiss. *Page v. Postmaster Gen. & Chief Exec. Officer of U.S. Postal Serv.*, 493 F. App'x 994, 998 (11th Cir. 2012) ("the district court is not allowed to resolve disputes of fact in adjudicating a motion to dismiss[.]"). If the complaint's allegations are plausible under the alleged facts, then the court must view them in the light most favorable to the plaintiff. *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1289 (11th Cir. 2010).

### III.   DISCUSSION

In the Motion, Defendant does not dispute Plaintiff's factual pleadings. Indeed, Defendant acknowledges using the Work without permission. [ECF No. 41 at 7] ("FYI's incorporation of the Works in its news reporting falls squarely within the activity contemplated by Congress as a fair use that does not constitute infringement on copyrights."). Defendant instead claims that copyright's fair use doctrine, which provides a full affirmative defense to a copyright infringement claim when applicable, immunizes it from liability in this case. *See, e.g., Latimer v. Roaring Toyz, Inc.,* 601 F.3d 1224, 1239 (11th Cir. 2010). Specifically, Defendant contends that its status as a News Reporter entitles Defendant to post the Work without Plaintiff's permission. [ECF No. 41 at 6–7]. The Court disagrees.

#### A.   Copyright Infringement and Fair Use Defense.

"A copyright grants to the owner several exclusive rights, including the right to reproduce the copyrighted work and to distribute copies to the public." *Pac. & S. Co. v. Duncan*, 744 F.2d 1490, 1494 (11th Cir. 1984). "To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "[F]air use is an affirmative defense, [and] its proponent bears the burden of proof in demonstrating that it applies." *Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1259 (11th Cir. 2014) (citations omitted).

The Copyright Act contains a "preamble" and a list of four factors for the court to consider when evaluating fair use.

> [T]he fair use of a copyrighted work, including such use by reproduction in copies … for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—
> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;

>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C § 107; *Katz v. Google Inc.*, 802 F.3d 1178, 1181 (11th Cir. 2015) (citing four statutory fair use factors).

"Fair use is a mixed question of law and fact." *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985). "Thus, in light of a court's narrow inquiry at this stage and limited access to all potentially relevant and material facts needed to undertake the analysis, courts rarely analyze fair use on a 12(b)(6) motion." *Katz v. Chevaldina*, 900 F. Supp. 2d 1314, 1316 (S.D. Fla. 2012) (citation omitted) (denying 12(b)(6) motion to dismiss based on fair use defense in copyright case).

### B.  Defendant's Fair Use Argument.

The copyright case Defendant relies on to support Rule 12(b)(6) dismissal on fair use grounds actually states that fair use—as an affirmative defense—is not properly raised at the motion to dismiss stage. *See Kobi Karp Architecture & Interior Design, Inc. v. O'Donnell Dannwolf & Partners Architects, Inc.*, No. 19-24588-CIV, 2020 WL 4287005, at *2 (S.D. Fla. July 27, 2020). Further, the *Kobi Karp* court concluded it could not make a fair use determination looking solely at the plaintiff's complaint. *Id.*

In its motion to dismiss, however, Defendant argues that this Court can make a fair use determination by looking solely at Plaintiff's Amended Complaint. That is because Plaintiff alleges that "Defendant is a news website that covers local, state, and national politics, technology, and the economy." [ECF No. 6 ¶19]. Because the fair use statute specifically references news reporting and the Amended Complaint concedes Defendant reports the news, Defendant contends its fair use defense prevails. [ECF No. 41 at 7]. Additionally, Defendant points to the exhibits attached to, and incorporated into, the Amended Complaint which depict FYI's news reporting nature. [*Id.;* ECF No. 6–3]. The exhibits depict: (1) FYI's logo, which reads "News Information Confirmation"; (2) FYI's link banner, which allows access to reports on, *inter alia*, "news," "politics," "tech," and "money"; (3)

indication above the reports' main headings that the news articles are for "National" news; and (4) the typical indications of news reports (*i.e.,* report headings, subheadings, depictions, and bodied text). [*Id.*]  Defendant also emphasizes that Plaintiff's Exhibit C includes the link path that establishes the specific articles in question are, in fact, news reports.  [*Id.* (citing ECF No. 6–3)].

Plaintiff counters that fair use is not evident on the face of the Amended Complaint. [ECF No. 45 at 8]. Further, Plaintiff argues that news reporter status alone is insufficient to establish fair use, citing *Swatch Grp. Mgmt. Servs. v. Bloomberg L.P.*, 756 F.3d 73, 85 (2d Cir. 2014).  In *Swatch Group*, the Second Circuit "recognize[d] that a news reporting purpose by no means guarantees a finding of fair use." *Id.* (citing *Harper & Row Publ'g, Inc. v. Nation Enterprises*, 471 U.S. 539, 557 (1985)).  "The promise of copyright would be an empty one if it could be avoided merely by dubbing the infringement a fair use 'news report[.]'" *Harper & Row,* 471 U.S. at 557.  The Eleventh Circuit has similarly found infringement in the news media context.  In *Duncan*, *supra*, the plaintiff videotaped the defendant's copyrighted news broadcasts then sold the videos to customers.  The defendant asserted a fair use defense, saying that "its purpose is 'private news reporting' meant to provide the public with a record of news reports." 744 F.2d at 1496.  The Eleventh Circuit rejected the argument in light of the "commercial nature of the use" which "militate[d] strongly against a finding of fair use."  *Id.* (*citing Sony Corp. v. Universal City Studios*, 464 U.S. 417 (1984)).

Because Defendant's status as a news reporting entity is not certain, the motion to dismiss must be denied.  It is not possible at this stage of the litigation for the Court to evaluate properly three of the four statutory factors it must consider in determining whether Defendant's use of Plaintiff's copyrighted Work is fair or not.  Specifically, this Court cannot discern from Plaintiff's Amended Complaint: (1) the purpose and character of the allegedly infringing use from a mere screen capture of Defendant's website displaying the Work; (2) the nature of the copyrighted work from two images embedded in the Amended Complaint; or (3) the effect of Defendant's use on the potential market

or value of the Work without any of this fact-based evidence presented. These statutory factors are intensely factual, which is why the courts have consistently determined that fair use is not ripe for resolution on a motion to dismiss. *See Katz*, 900 F. Supp. 2d at 1315 ("It is easy to see why a fair use defense typically cannot be analyzed upon a Rule 12(b)(6) motion.").

### IV.    CONCLUSION

Accordingly, after careful consideration and the Court being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss **[ECF No. 41]** is **DENIED.**

**DONE AND ORDERED** in the Southern District of Florida this 10th day of May, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record