UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-81267-CIV-LEIBOWITZ

**CHRISTOPHER SADOWSKI,**

    Plaintiff,

v.

**FYI NETWORKS, LLC,**

    Defendant.

---

**FYI NETWORKS, LLC,**

    Counterclaim Plaintiff,

v.

**CHRISTOPHER SADOWSKI,**

    Counterclaim Defendant.

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure, Defendant—FYI Networks, LLC ("FYI" or "Defendant")—hereby files its Answer, Affirmative Defenses, and Counterclaim in response to the Amended Complaint filed by Plaintiff—Christopher Sadowski—on September 28, 2023 [ECF No. 6], and in support thereof states as follows:

### ANSWER

1. Defendant is without first-hand knowledge; therefore, Denied.

2. Admitted.

3. Admitted.

4. This paragraph states a legal conclusion on which Defendant is not qualified to

opine; therefore, denied.

5. Defendant admits only that Defendant or its agents reside or may be found in this district. Otherwise, this paragraph states a legal conclusion on which Defendant is not qualified to opine; therefore, denied.

6. Defendant is without first-hand knowledge; therefore, denied.

7. Defendant is without first-hand knowledge; therefore, denied.

8. Defendant is without first-hand knowledge; therefore, denied.

9. Defendant is without first-hand knowledge; therefore, denied.

10. Defendant admits only that the referenced website speaks for itself. In all other respects, Defendant is without first-hand knowledge; therefore denied.

11. Defendant is without first-hand knowledge; therefore, denied.

12. Defendant is without first-hand knowledge; therefore, denied.

13. Defendant admits only that Exhibit A speaks for itself. In all other respects, Defendant is without first-hand knowledge; therefore denied.

14. Defendant is without first-hand knowledge; therefore, denied.

15. Defendant is without first-hand knowledge; therefore, denied.

16. Defendant admits only that Exhibit B speaks for itself. In all other respects, Defendant is without first-hand knowledge; therefore denied.

17. Defendant is without first-hand knowledge; therefore, denied.

18. Defendant admits only that Plaintiff refers collectively to the subject works throughout its Amended Complaint as the "Work."

19. Admitted.

20. Denied.

21. Defendant admits only that in April 2021, Defendant published a copy of the First Photograph on its website. In all other respects, Defendant is without first-hand knowledge; therefore denied.

22. Defendant admits only that in July 2021, Defendant published a copy of the Second Photograph on its website. In all other respects, Defendant is without first-hand knowledge; therefore denied.

23. Admitted.

24. Defendant admits only that Defendant never contacted Plaintiff to seek permission to use the Work. In all other respects, Defendant is without first-hand knowledge; therefore denied.

25. Denied.

26. Denied.

27. Defendant admits only that, to date, Plaintiff and Defendant have not negotiated a license for the Work. In all other respects, Defendant is without first-hand knowledge; therefore, denied.

28. This paragraph states a legal conclusion on which Defendant is not qualified to opine; therefore, denied.

29. Defendant incorporates its responses to paragraphs 1 through 28 as if fully restated herein.

30. This paragraph states a legal conclusion on which Defendant is not qualified to opine; therefore, denied.

31. This paragraph states a legal conclusion on which Defendant is not qualified to opine; therefore, denied.

32. Defendant is without first-hand knowledge; therefore, denied.

33. Denied.

34. Denied.

35. Denied.

36. Defendant admits only that, as of the date of the Amended Complaint's filing, the Work is still published on Defendant's website. In all other respects, denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## AFFIRMATIVE DEFENSES[1]

1. **Lack of Standing.** Plaintiff's claim of copyright infringement is barred for lack of standing. Plaintiff alleges that, generally, he licenses his photographs by way of agreements with terms that include limited, one-time licenses for use of any single photograph by the customer only." Am. Compl. at ¶ 11. However, The New York Posts, who, according to Plaintiff, licenses the Works at issue in this case, "does not pay Plaintiff to license individual photographs created as part of an assignment, but rather pays him an all-inclusive rate for such assignments." Mot. for Default Final J. at 16. Pursuant to the New York Post's Terms of Service, which Plaintiff accepted upon interacting with the New York Post and making his content available to the same, "[a]s between [Plaintiff] and [the New York Post], [the New York Post]

---

[1] Defendant asserts the following affirmative defenses without knowingly or intentionally waiving any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings. Defendants further reserve the right to amend their answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that they determine are not applicable during the course of subsequent discovery.

owns, solely and exclusively, all right, title and interest in and to," *inter alia*, "all content . . . contained and/or made available through the Services . . . including, without limitation, . . . any copyrights, . . . and/or other intellectual property and/or property rights therein . . . ." Thus, Plaintiff—through acceptance of the New York Post's Terms of Service, among other things—granted to the New York Post, and the New York Post maintains, a license over the Works that Plaintiff authored and which the New York Post has made available through its Services by virtue of its integration into, and display on, its website. Under the Copyright Act, the owner of any one of the exclusive rights comprised in a copyright is the copyright owner, and such owner is entitled to institute an action for any infringement of that particular right. The exclusive license that Plaintiff provided to the New York Post transfers ownership of the copyright(s) in the Works as a matter of law. In other words, after Plaintiff granted the New York Post its exclusive license, the New York Post was granted the exclusive standing to sue for any copyright infringement alleged. As such, the New York Post is the legal owner for purposes of establishing standing to assert any alleged copyright infringement action under the Copyright Act, and not Plaintiff.

2. **Fair Use**. Plaintiff's claim of copyright infringement is barred, in whole or in part, by the Doctrine of Fair Use, as codified in 17 U.S.C. §107. FYI—a news website that covers local, state, and national politics, technology, and the economy—distributes information to the public related to politics, tech, and money, among other things. In doing so, FYI satisfies all of the Fair Use factors. First, the purpose and character of FYI's use of the Works is educational and transformative, not commercial, as they are used to provides FYI's readership with news not routinely covered by other sources, and the Works, like all of Plaintiff's works, capture and convey "ordinary life and the human condition," Am. Compl. at ¶ 7, whereas the Works, when included by FYI within the context of its reporting and of the reports in particular,

comment on, and further the reports. Second, the nature of the Works lend themselves to a minimally creative and frequently published nature, as Plaintiff alleges in its complaint, Am. Compl. at ¶¶ 7, 12, 15, 26, 32, and it itself had admitted Pl.'s Memo. in Opp. to Def.'s Mot. to Dismiss at 13. Third, FYI did not help itself to more of the Work than it should have in light of the purpose and character of FYI's use; indeed, FYI did not use each image in full and, instead, modified each image such that it utilized less of the full image before its use of the same. Lastly, FYI's use of the works did not deprive Plaintiff of its market revenue; in fact, despite FYI's use of the works, Plaintiff has continued to generate revenue on account of his works. As such, Plaintiff's copyright infringement claim is barred by the Doctrine of Fair Use

3. **Misuse of Copyright.** Plaintiff's claim of copyright infringement is barred, in whole or in part, by the doctrine of copyright misuse. Specifically, but without limitation, Plaintiff's filing of this case, putative strategies for protecting its copyrights, general litigation strategies, and intentional disregard of the limited monopoly granted over works by the United States Copyright Act show a clear intent by Plaintiff to use his copyrights for a purpose other than which it was intended. Specifically, but without limitation, Plaintiff is using his copyrights and this lawsuit (along with a score of other lawsuits filed around the country) to extract settlement payments from innocent parties like FYI, instead of working within the structures of the Copyright Act to properly protect its copyrights. Plaintiff has filed over 190 copyright lawsuits over the course of nine years, close to forty during the year that the Complaint at issue was filed alone. Plaintiff has filed dozens of nearly identical complaints seeking not to protect his legitimate rights, but rather to use the harassment value of such litigations as a way to secure lucrative settlements from defendants or, alternatively, default judgments for, among other things, inflated attorneys' fees. The Plaintiff's conduct is not that of a rightsholder looking to

legitimately protect his interests. Additionally, on information and belief, the Plaintiff made no effort to consider whether FYI was protected by the doctrine of fair use.

4. **Unclean Hands.** Plaintiff's copyright infringement claim is barred, in whole or in part, and Plaintiff is barred from equitable recovery, by the doctrine of unclean hands. Specifically, but without limitation, Plaintiff's filing of this case, putative strategies at protecting its copyrights, general litigation strategies, and intentional disregard of statutory and judicial law (including the rights and safeguards afforded to intellectual property owners) show a clear intent by Plaintiff to use his intellectual property rights and the legal system for purposes other than which they were intended. Specifically, but without limitation, Plaintiff is using his intellectual property rights, the judicial system, and this lawsuit (along with a score of other lawsuits filed around the country) to extract settlement payments or, alternatively, obtain default judgments from innocent parties like FYI, instead of working within the structures of law to properly protect his rights.

5. **Lack of Scienter.** The Complaint is barred, in whole or in part, by lack of scienter and/or because the alleged infringement was innocent. Specifically, but without limitation, to the extent that FYI engaged in the infringement of Plaintiff's intellectual property rights, which FYI denies, such infringement was unintentional and without knowledge, and therefore FYI is either not liable for such infringements or the damages that may be obtained against it are limited.

6. **Lack of Irreparable Injury.** Plaintiff is not entitled to injunctive relief because he has not suffered irreparable injury. Specifically, but without limitation, to the extent that Plaintiff has suffered any harm, which FYI denies, any such harm can be fully remedied by monetary damages only.

7. **Failure to Mitigate Damages.** Plaintiff cannot recover damages from FYI to the

extent that Plaintiff failed to mitigate his alleged damages. Specifically, but without limitation, to the extent that Plaintiff failed to promptly report any alleged infringement it learned about on the website at issue in this litigation and therefore allowed such alleged infringements to stay on such website, Plaintiff failed to mitigate his claimed damages.

8. **Failure to State a Claim**. Plaintiff's copyright infringement action is barred for failure to state a claim. Plaintiff has not sufficiently alleged facts to establish a valid claim of copyright infringement under the Copyright Act and has, instead, alleged facts sufficient to establish the fair use defense on the face of his Amended Complaint. Specifically, but without limitation, Plaintiff has failed to allege detailed factual allegations demonstrating that FYI's use of the Works was unauthorized or that it infringed upon the exclusive rights held by Plaintiff. Additionally, Plaintiff has not adequately alleged the elements of willful infringement, as required to substantiate a claim for enhanced statutory damages. Plaintiff's bare assertions and conclusory statements made in his Amended Complaint are insufficient to meet the pleading standards. Plaintiff's Amended Complaint similarly lacks the specificity needed to articulate how FYI acted with actual knowledge or reckless disregard for Plaintiff's copyright. As such, Plaintiff has not provided a factual basis that, if true, would entitle Plaintiff to relief.

9. **Implied License**. Plaintiff's claims are barred, in whole or in part, by the doctrine of implied license. By making the photographs available on a publicly accessible news website and promoting their use for news and media purposes, without restrictive measures, Plaintiff impliedly granted permission for their use in the news reporting industry wherein it is a common and accepted practice for news organizations to use publicly accessible photographs in connection with news reporting. Plaintiff's conduct in displaying and promoting his work in this context—and, particularly on the New York Post, in which case the Works were displayed

without copyright notice—implies consent for such use. Based on Plaintiff's conduct and industry norms, FYI reasonably believed it was entitled to use the Works for its news reporting, and utilized the Works in good faith, believing that such use was authorized under an implied license from Plaintiff. Accordingly, Plaintiff's claims are barred by the existence of an implied license, which authorized Defendant's use of the photographs in question.

## COUNTERCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaim Plaintiff—FYI Networks, LLC ("FYI")—hereby asserts its counterclaim against Counterclaim Defendant—Christopher Sadowski ("Counterclaim Defendant" or "Sadowski")—and alleges as follows:

## PARTIES AND JURISDICTION

1. This compulsory counterclaim is an action for declaratory judgements.

2. FYI is a limited liability company organized under the laws of the state of Florida.

3. Sadowski is an individual who is a citizen and resident of the State of New Jersey.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201.

5. Venue is proper in this district pursuant to 28 U.S.C. §§1391 and by virtue of the fact that this action arises as a compulsory counterclaim to the underlying cause of action asserted in this district.

6. All conditions precedent to the filing of this action have occurred, been waived, or otherwise been executed.

## GENERAL ALLEGATIONS

*FYI's Work as a News Reporting Entity*

7. FYI is an online news reporting website created in 2021.

8. FYI's founders developed FYI to report on current events, politics, technology, money, and living, among other things.

9. In establishing FYI, FYI's founders were not motivated by profit and were, instead, motivated by their interest in publishing and disseminating news stories that its founders believe are less frequently reported by mainstream media, not by profit.

10. Indeed, since its establishment, FYI has operated at a loss, incurring expenses associated with the maintenance of its news reporting site (*e.g.*, website and e-mail hosting) in amounts that far exceed any revenue that it has generated.

11. Despite FYI's costs exceeding its revenues year after year, FYI—motivated by its belief in the importance of its news reporting—has maintained its news reporting practice in operation.

12. This, because FYI's ultimate purpose is not commercial, but rather informational.

13. Much like Google News, FYI locates trusted news sources, identifies stories that fit within the mission of FYI, and aggregates snippets of articles to create its own.

14. Similarly to many other news reporters—be they printed press or online—FYI oftentimes includes images in its news reports that are related to the initial news source, as they add color and context to information published.

15. In doing so, however, FYI often modifies the works used in its reports (*e.g.*, cropping the dimensions of images used) depending on the needs of each report, and is careful to disclaim any ownership of works incorporated into its news reports and to, instead, credit authors where the authors of the works used are known.

*Sadowski's Work as a Copyright Troll*

16. Sadowski purports to be a photographer who captures images of ordinary life and the human condition.

17. However, Plaintiff's financial success over the past 19 years is not so much

attributable to the photographs themselves as it is to Plaintiff's leveraging his photographs to extort would-be-defendants and defendants alike with threats of copyright infringement in amounts that are not worth defending, resulting in payouts or default judgments against parties who do not respond.

18. Upon information and belief, after authoring his visual works, Sadowski manipulates the metadata in his digital images.

19. Sadowski then licenses or otherwise provides his photographs to third parties, including, *inter alia*, The New York Post, who include Sadowski's photographs on their website.

20. After Sadowski's photographs are published, through the use of technology, Sadowski searches the internet to find his images in use by individuals or entities to whom he has not provided express permission.

21. Once identified, Sadowski asserts a claim to copyright ownership of the subject images and threatens to sue claimed infringers unless they pay him amounts in the tens of thousands of dollars.

22. If a claimed infringer identified by Sadowski declines to pay or fails to respond to his demand, Sadowski files suit for copyright infringement against those individuals in federal courts throughout the United States.

23. Sadowski has filed over 190 copyright lawsuits over the course of nine years, close to forty during the year that the Complaint at issue was filed alone—many of them nearly identical in nature.

24. Despite the copy-and-paste nature of much of the filings made by Sadowski in each of these cases, Sadowski nonetheless calculates excessive attorneys' fees as costs into his demanded payment or sought judgement.

25. Sadowski does this knowing that the costs of defense of his asserted claims, whether valid or not, would considerably exceed the cost of tribute demanded by Sadowski.

26. Upon information and belief, collectively—over the course of the last nine (9) years—Sadowski has generated more revenue (including uncollected judgements) from threatening and asserting copyright infringement actions against claimed infringers than he has from licensing or selling his photographs.

*FYI's Use of Sadowski's Works in its News Reporting*

27. In 2021, FYI sourced two of its online news reports from the New York Post which incorporated Sadowski's images (collectively, the "Works") in its own articles.

28. The New York Post's use of Sadowski's Works did not provide a copyright notice under each image, leading FYI to believe that it could lawfully reproduce Sadowski's Works in connection with FYI's own news reports.

29. FYI included the Works used by the New York Post for their contextual value to FYI's reports.

30. In doing so, FYI modified the Works used—such that FYI cropped each image—and credited Sadowski below each use.

31. As of April 15, 2024, one of the two reports has received a total of less than 20 distinct visitors and the other, less than 15.

32. FYI received a letter from Sadowski dated May 31, 2023 asserting that the Works used by FYI in its news reports were taken by Sadowski and that he owned the copyright in each photo. The letter further asserted that FYI had fourteen (14) days to pay $30,000.00 for the infringement of Sadowski's copyright in the Works, and that failure to make payment would result in Sadowski's filing a lawsuit for copyright infringement against FYI seeking damages of

$150,000.00 among other things. A draft complaint was attached to the letter.

33. A copy of the letter, with the draft complaint, is attached as "<u>Exhibit 1</u>."

34. Upon information and belied, the letter sent to FYI contains an identical demand as those that Sadowski has sent to numerous others, seemingly excepting only that the particular photographs such others were alleged to have infringed were different.

35. FYI took steps to investigate the legitimacy of Sadowski's claim, but did not agree to meet Sadowski's demand, on belief that it was exorbitant and extortionate.

36. On September 14, 2023, Sadowski initiated the underlying action and amended his complaint on September 28, 2023.

37. Upon information and belief, Sadowski did made no effort to consider whether FYI was protected by the doctrine of fair use.

## COUNT I
## <u>DECLARATORY JUDGEMENT – NO INFRINGEMENT</u>

38. FYI realleges and incorporates by reference paragraphs 1 to 37 as if fully set forth herein.

39. FYI received a settlement demand from Sadowski dated May 31, 2023, alleging infringement of the Works, two photographs taken by Sadowski.

40. FYI's display of the Works on FYI's news reporting website is a fair use and non-infringing.

41. There exists an actual controversy between the parties as to whether FYI's display of the Works, originally located on the New York Post, are non-infringing pursuant to the Doctrine of Fair Use., and that any other display by FYI constitutes fair use under 17 U.S.C. §107.

WHEREFORE, Counterclaim Plaintiff, FYI Networks, LLC, respectfully requests that

Case No.: 23-81267-CIV-LEIBOWITZ

the Court enter judgement declaring that FYI's use of the Works on its news reporting website is not an infringement within the meaning of the Copyright act; declaring that such use by FYI is a fair use; and entering further relief as it deems just and appropriate.

## COUNT II
## DECLARATORY JUDGEMENT–LACK OF WILLFULNESS

42. FYI realleges and incorporates by reference paragraphs 1 to 37 as if fully set forth herein.

43. FYI received a settlement demand from Sadowski dated May 31, 2023, alleging infringement of the Works, two photographs taken by Sadowski, and that such infringement was willful.

44. FYI displayed the Works on FYI's news reporting website under the belief that such a use was permitted by, *inter alia*, the doctrine of fair use and, thus, non-infringing.

45. There exists an actual controversy between the parties as to whether FYI's use of the Works, originally located on the New York Post, even if infringing, constituted willful infringement.

WHEREFORE, Counterclaim Plaintiff, FYI Networks, LLC, respectfully requests that the Court enter judgement declaring that FYI's use of the Works on its news reporting website, if found to be infringement, does not constitute willful infringement within the meaning of the Copyright act; and entering further relief as it deems just and appropriate.

Respectfully submitted,

By: */s/ Sergio E. Molina*
    Sergio E. Molina
    Florida Bar No. 1031693

**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse

Case No.: 23-81267-CIV-LEIBOWITZ

Miami, Florida 33133
Tel.: (305) 858-2900
Fax: (305) 858-5261
smolina@coffeyburlington.com
bdiaz@coffeyburlington.com
service@coffeyburlington.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 28, 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served on all counsel of record entitled to receive service in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

By:   */s/ Sergio E. Molina*
Sergio E. Molina