UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-81267-CIV-LEIBOWITZ

| | |
|---|---|
| **CHRISTOPHER SADOWSKI,**<br><br>    Plaintiff,<br><br>v.<br><br>**FYI NETWORKS, LLC,**<br><br>    Defendant.<br><br>**FYI NETWORKS, LLC,**<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>**CHRISTOPHER SADOWSKI,**<br><br>    Counterclaim Defendant. | |

**AMENDED COUNTERCLAIM**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaim Plaintiff—FYI Networks, LLC ("FYI")—hereby asserts its counterclaim(s) against Counterclaim Defendant—Christopher Sadowski ("Counterclaim Defendant" or "Sadowski")—and alleges as follows:

**PARTIES AND JURISDICTION**

    1.    This compulsory counterclaim is an action for declaratory judgments.

    2.    FYI is a limited liability company organized under the laws of the state of Florida.

    3.    Sadowski is an individual who is a citizen and resident of the State of New Jersey.

    4.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201.

5.  Venue is proper in this district pursuant to 28 U.S.C. §1391 and by virtue of the fact that this action arises as a compulsory counterclaim to the underlying cause of action asserted in this district.

6.  All conditions precedent to the filing of this action have occurred, been waived, or otherwise been executed.

## GENERAL ALLEGATIONS

*FYI's Work as a News Reporting Entity*

7.  FYI is an online news reporting website created in 2021.

8.  FYI's founders developed FYI to report on current events, politics, technology, money, and living, among other things.

9.  In establishing FYI, FYI's founders were not motivated by profit and were, instead, motivated by their interest in publishing and disseminating news stories that its founders believe are less frequently reported by mainstream media, not by profit.

10. Indeed, since its establishment, FYI has operated at a loss, incurring expenses associated with the maintenance of its news reporting site (*e.g.*, website and e-mail hosting) in amounts that far exceed any revenue that it has generated.

11. Despite FYI's costs exceeding its revenues year after year, FYI—motivated by its belief in the importance of its news reporting—has maintained its news reporting practice in operation.

12. This, because FYI's ultimate purpose is not commercial, but rather informational.

13. Much like Google News, FYI locates trusted news sources, identifies stories that fit within the mission of FYI, and aggregates snippets of articles to create its own.

14. Similarly to many other news reporters—be they printed press or online—FYI oftentimes includes images in its news reports that are related to the initial news source, as they add color and context to information published.

15. In doing so, however, FYI often modifies the works used in its reports (*e.g.*, cropping the dimensions of images used) depending on the needs of each report, and is careful to disclaim any ownership of works incorporated into its news reports and to, instead, credit authors where the authors of the works used are known.

*Sadowski's Work as a Copyright Troll*

16. Sadowski purports to be a photographer who captures images of ordinary life and the human condition.

17. However, Plaintiff's financial success over the past 19 years is not so much attributable to the photographs themselves as it is to Plaintiff's leveraging his photographs to extort would-be-defendants and defendants alike with threats of copyright infringement in amounts that are not worth defending, resulting in payouts or default judgments against parties who do not respond.

18. Upon information and belief, after authoring his visual works, Sadowski manipulates the metadata in his digital images.

19. Sadowski then licenses or otherwise makes his photographs available to third parties, including, *inter alia*, The New York Post, who include Sadowski's photographs on their website.

20. After Sadowski's photographs are published, through the use of technology, Sadowski searches the internet to find his images in use by individuals or entities to whom he has not provided express permission.

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

21. Once identified, Sadowski asserts a claim to copyright ownership of the subject images and threatens to sue claimed infringers unless they pay him amounts in the tens of thousands of dollars.

22. If a claimed infringer identified by Sadowski declines to pay or fails to respond to his demand, Sadowski files suit for copyright infringement against those individuals in federal courts throughout the United States.

23. Sadowski has filed over 190 copyright lawsuits over the course of nine years, close to forty during the year that the Complaint at issue was filed alone—many of them nearly identical in nature.

24. Despite the copy-and-paste nature of much of the filings made by Sadowski in each of these cases, Sadowski nonetheless calculates excessive attorneys' fees as costs into his demanded payment or sought judgment.

25. Sadowski does this knowing that the costs of defense of his asserted claims, whether valid or not, would considerably exceed the cost of tribute demanded by Sadowski.

26. Upon information and belief, collectively—over the course of the last nine (9) years—Sadowski has generated more revenue (including uncollected judgments) from threatening and asserting copyright infringement actions against claimed infringers than he has from licensing or selling his photographs.

*FYI's Use of Sadowski's Works in its News Reporting*

27. In or before 2021, Sadowski made some of his works available to the New York Post by agreement.

28. Pursuant to the New York Post's Terms of Service, which Sadowski accepted upon interacting with the New York Post and making his content available to the same, "[a]s

between [Sadowski] and [the New York Post], [the New York Post] owns, solely and exclusively, all right, title and interest in and to," *inter alia*, "all content . . . contained and/or made available through the Services . . . including, without limitation, . . . any copyrights, . . . and/or other intellectual property and/or property rights therein . . . ."

29. Sadowski—by accepting the New York Post's Terms of Service, among other things—granted to the New York Post an exclusive license over the works that Plaintiff authored and which the New York Post has made available through its Services by virtue of its integration into, and display on, its website.

30. Sadowski—by accepting the New York Post's Terms of Service, among other things—also granted to the New York Post a license to create derivative works from the works that Plaintiff authored and which the New York Post has made available through its Services by virtue of its integration into, and display on, its website.

31. Additionally, Sadowski—by accepting the New York Post's Terms of Service, among other things—granted to the New York Post the right to, in our sole discretion, license, sub-license, and authorize others to exercise any of the rights granted to the New York Post pursuant to its Terms of Service.

32. The exclusive license that Sadowski provided to the New York Post transfers ownership of the copyright(s) in the works displayed.

33. As of the time of this filing, Sadowski has not revoked the exclusive license to the displayed works that he granted to the New York Post.

34. In 2021, FYI sourced two of its online news reports from the New York Post which incorporated Sadowski's images (collectively, the "Works") in its own articles.

35.     The New York Post utilized Sadowski's Works in its digital news reports such that the New York Post made original, editorial revisions or other original modifications to the Works.

36.     In utilizing Sadowski's Works, as modified, The New York Post did not provide a compliant copyright notice under one use of the image at issue and did not provide any credit or copyright notice under another.

37.     FYI believed that it could lawfully reproduce Sadowski's Works, as displayed on the New York Post, in connection with FYI's own news reports.

38.     FYI included the Works, as displayed by the New York Post, for their contextual value to FYI's reports.

39.     In doing so, FYI credited Sadowski below each use so attributable.

40.     As of April 15, 2024, one of FYI's two news reports has received a total of less than 20 distinct visitors; the other, less than 15.

41.     FYI received a letter from Sadowski dated May 31, 2023 asserting that the Works used by FYI in its news reports were taken by Sadowski and that he owned the copyright in each photo. The letter further asserted that FYI had fourteen (14) days to pay $30,000.00 for the infringement of Sadowski's copyright in the Works, and that failure to make payment would result in Sadowski's filing a lawsuit for copyright infringement against FYI seeking damages of $150,000.00, among other things. A draft complaint was attached to the letter.

42.     A copy of the letter, with the draft complaint, is attached as "Exhibit 1."

43.     Upon information and belief, the letter sent to FYI contains an identical demand as those that Sadowski has sent to numerous others, seemingly excepting only that the particular photographs such others were alleged to have infringed were different.

44. FYI took steps to investigate the legitimacy of Sadowski's claim, but did not agree to meet Sadowski's demand, on the belief that it was exorbitant and extortionate.

45. On September 14, 2023, Sadowski initiated the underlying action and amended his complaint on September 28, 2023.

46. Upon information and belief, Sadowski made no effort to consider whether FYI was protected by the doctrine of fair use.

## COUNT I
## DECLARATORY JUDGMENT – LACK OF OWNERSHIP

47. FYI realleges and incorporates by reference paragraphs 1 to 46 as if fully set forth herein.

48. FYI received a settlement demand from Sadowski dated May 31, 2023, alleging, *inter alia*, ownership of the Works, two photographs taken by Sadowski.

49. Sadowski alleges that it granted the New York Post a license over the works.

50. Sadowski granted the New York Post an exclusive license that transferred ownership of the copyrights in the Works from Sadowski to the New York Post.

51. There exists an actual controversy between the parties as to whether—and to what extent—Sadowski is the owner of the copyrights in the Works.

WHEREFORE, Counterclaim Plaintiff, FYI Networks, LLC, respectfully requests that the Court enter judgment declaring that Sadowski is not the owner, within the meaning of the Copyright Act, of the copyrights in the Works; awarding FYI the reasonable attorneys' fees and costs that it has incurred in seeking relief in this matter, as allowable by law, including post-judgment interest on all amounts awarded to it; and entering further relief as it deems just and appropriate.

## COUNT II
## DECLARATORY JUDGMENT – USE OF DERIVATIVE WORK

52. FYI realleges and incorporates by reference paragraphs 1 to 46 as if fully set forth herein.

53. FYI received a settlement demand from Sadowski dated May 31, 2023, alleging, *inter alia*, infringement of the Works, two photographs taken by Sadowski.

54. Sadowski alleges that it granted the New York Post a license over the works.

55. Sadowski granted the New York Post an exclusive license that, among other things, granted the New York Post the right to create derivative works and retain ownership of rights, including copyrights, in the same.

56. FYI utilized the Works as displayed on the New York Post.

57. The New York Post utilized Sadowski's Works in such a manner that it necessarily made editorial revisions or other modifications that, as a whole, represent an original work of authorship; thus, the New York post displayed derivative works of Sadowski's Works, not Sadowski's works themselves.

58. FYI utilized the New York Post's derivative works of Sadowski's Works, not Sadowski's Works themselves.

59. There exists an actual controversy between the parties as to whether FYI used Sadowski's Works of the New York Post's derivative works of Sadowski's Works.

WHEREFORE, Counterclaim Plaintiff, FYI Networks, LLC, respectfully requests that the Court enter judgment declaring that the New York Post's use of Sadowski's Works were derivative works; declaring that FYI's used the New York Post's derivative works of Sadowski's Works in its news reports; awarding FYI the reasonable attorneys' fees and costs that it has

incurred in seeking relief in this matter, as allowable by law, including post-judgment interest on all amounts awarded to it; and entering further relief as it deems just and appropriate.

## COUNT III
## DECLARATORY JUDGMENT – NO INFRINGEMENT

60. FYI realleges and incorporates by reference paragraphs 1 to 46 as if fully set forth herein.

61. FYI received a settlement demand from Sadowski dated May 31, 2023, alleging infringement of the Works, two photographs taken by Sadowski.

62. FYI's display of the Works on FYI's news reporting website—whether Sadowski's Works or the New York Post's derivative works of the same—is a fair use and non-infringing.

63. There exists an actual controversy between the parties as to whether FYI's display of the Works—whether Sadowski's Works or the New York Post's derivative works of the same—are non-infringing pursuant to the Doctrine of Fair Use, and that any other display by FYI constitutes fair use under 17 U.S.C. §107.

WHEREFORE, Counterclaim Plaintiff, FYI Networks, LLC, respectfully requests that the Court enter judgment declaring that FYI's use of the Works on its news reporting website—whether Sadowski's Works or the New York Post's derivative works of the same—is not an infringement within the meaning of the Copyright Act; declaring that such use by FYI is a fair use; awarding FYI the reasonable attorneys' fees and costs that it has incurred in seeking relief in this matter, as allowable by law, including post-judgment interest on all amounts awarded to it; and entering further relief as it deems just and appropriate.

Case No.: 23-81267-CIV-LEIBOWITZ

## COUNT IV
### DECLARATORY JUDGMENT – LACK OF WILLFULNESS

64. FYI realleges and incorporates by reference paragraphs 1 to 46 as if fully set forth herein.

65. FYI received a settlement demand from Sadowski dated May 31, 2023, alleging infringement of the Works, two photographs taken by Sadowski, and that such infringement was willful.

66. FYI displayed the Works on FYI's news reporting website under the belief that such a use was permitted by, *inter alia*, the doctrine of fair use and, thus, non-infringing.

67. There exists an actual controversy between the parties as to whether FYI's use of the Works, originally located on the New York Post, even if infringing, constituted willful infringement.

WHEREFORE, Counterclaim Plaintiff, FYI Networks, LLC, respectfully requests that the Court enter judgment declaring that FYI's use of the Works on its news reporting website, if found to be an infringement of Sadowski's copyrights, does not constitute willful infringement within the meaning of the Copyright Act; awarding FYI the reasonable attorneys' fees and costs that it has incurred in seeking relief in this matter, as allowable by law, including post-judgment interest on all amounts awarded to it; and entering further relief as it deems just and appropriate.

## COUNT V
### DECLARATORY JUDGMENT – MISUSE OF COPYRIGHT

68. FYI realleges and incorporates by reference paragraphs 1 to 46 as if fully set forth herein.

69. FYI received a settlement demand from Sadowski dated May 31, 2023, alleging infringement of the Works, two photographs taken by Sadowski, and that such infringement was willful.

70. By leveraging his photographs to extort settlements or obtain default judgments through threats or initiation of costly copyright infringement litigation and filing numerous nearly identical lawsuits to generate revenue from legal actions seeking, *inter alia*, inflated attorney's fees, among other things, Sadowski has, contrary to public policy, used the protections afforded to Sadowski under the Copyright Act to secure an exclusive right or limited monopoly not granted by the Copyright Office.

71. There exists an actual controversy between the parties as to whether Sadowski's conduct constitutes a misuse of copyright protections.

WHEREFORE, Counterclaim Plaintiff, FYI Networks, LLC, respectfully requests that the Court enter judgment declaring that Sadowski has leveraged the limited monopoly afforded to him under the Copyright Act in order to control areas outside the monopoly; declaring that Sadowski has, thus, misused the rights afforded to him under the Copyright Act by; awarding FYI the reasonable attorneys' fees and costs that it has incurred in seeking relief in this matter, as allowable by law, including post-judgment interest on all amounts awarded to it; and entering further relief as it deems just and appropriate.

## DEMAND FOR JURY TRIAL

Defendant / Counterclaim Plaintiff—FYI Networks, LLC—demands a trial by jury on all issues so triable.

Case No.: 23-81267-CIV-LEIBOWITZ

Respectfully submitted,

By: */s/ Sergio E. Molina*
    Sergio E. Molina
    Florida Bar No. 1031693

**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel.: (305) 858-2900
Fax: (305) 858-5261
smolina@coffeyburlington.com
bdiaz@coffeyburlington.com
service@coffeyburlington.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 7, 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served on all counsel of record entitled to receive service in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

By:   */s/ Sergio E. Molina*
    Sergio E. Molina