IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:23-cv-81267- DSL

CHRISTOPHER SADOWSKI,

    Plaintiff,

v.

FYI NETWORKS, LLC,

    Defendant.

_____

**PLAINTIFF'S MOTION TO DISMISS
DEFENDANT'S AMENDED COUNTERCLAIM**

Plaintiff Christopher Sadowski ("Plaintiff") hereby files this motion to dismiss defendant/counter-plaintiff FYI Networks, LLC's ("Defendant") Amended Counterclaim [D.E. 59] and states as follows:

**INTRODUCTION**

This is a straightforward case of copyright infringement that Defendant seeks to unnecessarily complicate. Plaintiff is the owner of two professional photographs that were displayed/published by Defendant on its website without license from or payment to Plaintiff. As a result, Plaintiff has asserted a single claim for copyright infringement against Defendant.

Rather than admit to its infringement, Defendant has taken every opportunity possible to evade the consequences of its own actions. First, though the Clerk's Default was ultimately set aside, Defendant allowed the proceedings to progress to default when it ignored specific Court orders regarding *pro se* filings and obtaining an attorney; Defendant then filed its own baseless Motion to Dismiss [D.E. 41], which was denied; and now, in its latest attempt to escape liability and shift blame, Defendant has asserted affirmative defenses that it did not infringe for a multitude

of reasons, and goes as far as asserting a counterclaim seeking the *same* thing – a declaration of non-infringement, among other declarations. To put it mildly, the Counterclaim is both redundant and improper. The Court should not indulge Defendant's misguided bid at asserting an affirmative claim of its own in an attempt to gain some form of 'leverage' to distract from its own conduct. The Counterclaim must be dismissed.

## BACKGROUND

1. As stated above, the Amended Complaint asserts a single claim for copyright infringement with respect to Defendant's alleged publication of two professional photographs created by Plaintiff.

2. On October 3, 2023, Defendant purported to file a pro se Answer through "Craig Goldberg" (a non-attorney). See D.E. 7.

3. On October 13, 2023, Plaintiff filed a Motion to Strike Defendant's pro se Answer (as Defendant may only appear in this action through counsel and Mr. Goldberg is not an attorney). See D.E. 9.

4. On November 3, 2023, the Court entered a paperless Order granting Plaintiff's Motion to Strike Defendant's pro se Answer and requiring that Defendant retain counsel and refile its Answer by November 20, 2023. See D.E. 17.

5. On October 31, 2023, Defendant filed a pro se Motion for Referral to Volunteer Attorney Program. See D.E. 12.

6. On November 8, 2023, the Court entered its Order granting Defendant's Motion for Referral to Volunteer Attorney Program [D.E. 18]. In the attached document, the Court specified that the referral is voluntary and did not guarantee representation, and that Defendant still must obtain counsel no later than November 20, 2023 as previously ordered by the Court.

7. On November 21, 2023, Defendant filed a pro se motion asking for an extension of time to obtain counsel. See D.E. 21.

8. On December 24, 2023, the Court entered another paperless Order giving Defendant "one final opportunity to retain counsel […] on or before December 20, 2023." See D.E. 24.

9. On December 21, 2023, Defendant filed a pro se motion to dismiss Plaintiff's Amended Complaint. See D.E. 28.

10. On January 4, 2024, Plaintiff filed his response in opposition/motion to strike to Defendant's motion to dismiss. See D.E. 29.

11. On January 15, 2024, the Court entered an Order striking Defendant's motion to dismiss. See D.E. 30 and 31.

12. In the paperless Order, the Court further directed Plaintiff to move for entry of Clerk's default, as a result of Defendant's failure to retain counsel as required by the Court's Orders [D.E. 15 and 24]. See D.E. 30.

13. On January 30, 2024, the Clerk entered a Clerk's Default [D.E. 33] against Defendant.

14. On January 31, 2024, the Court entered an Order on Default Final Judgment Procedure directing Plaintiff to file his Motion for Default Final Judgment by February 21, 2021. See D.E. 34.

15. On April 27, 2023, Defendant filed its Answer, Affirmative Defenses and Counterclaims to Plaintiff's Complaint [D.E. 6].

16. On February 29, 2024, Judge Cannon (who was the assigned Judge at the time) entered an Omnibus Order setting aside the Motion for Default. See D.E. 39.

17. On March 7, 2024, this matter was reassigned. See D.E. 40.

18. On March 22, 2024 Defendant filed its motion to dismiss the amended Complaint. See D.E. 41.

19. After being fully briefed, the court entered an Order denying Defendant's Motion to Dismiss. See D.E. 49.

20. On May 28, 2024, Defendant filed its Answer, Nine Affirmative defenses, and a Counterclaim. See D.E. 58.

21. On June 7, 2024, Defendant filed its Amended Counterclaim. The Counterclaim asserts four (4) causes of action: Declaration of Lack of Ownership, Declaration of Use of Derivative Work, Declaration of No Infringement, and Declaration of Lack of Willfulness. See D.E. 59.

## ARGUMENT

### I. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the challenged pleading "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, "Rule 12(b)(6) has a limited focus when a party is seeking declaratory relief." SFR Servs. LLC v. Webb, No. 23-CV-81079-RLR, 2024 U.S. Dist. LEXIS 7722, at *5 (S.D. Fla. Jan. 16, 2024). "The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." Chisholm Props. S. Beach, Inc. v. Arch Specialty Ins. Co., No. 21-CV-22960, 2022 U.S. Dist. LEXIS 21005, 2022 WL 356452, at *4 (S.D. Fla. Feb. 7, 2022) (J. Bloom) (citing Schwab v. Hites, 896 F. Supp. 2d

1124, 1132 (M.D. Fla. 2012)). "A motion to dismiss a complaint for declaratory judgment is not a motion on the merits. Rather, it is a motion only to determine whether the plaintiff is entitled to a declaration of its rights, not to whether it is entitled to a declaration in its favor." Royal Selections, Inc. v. Fla. Dep't of Rev., 687 So. 2d 893, 894 (Fla. 4th DCA 1997), *cited in* Evanston Ins. Co. v. Campany Roof Maint. Roofing Div., LLC, No. 19-CV-80622, 2019 U.S. Dist. LEXIS 227109, 2019 WL 7881630, at *2 (S.D. Fla. Oct. 25, 2019) (J. Middlebrooks).

II.     **The Counterclaim Serves No Useful Purpose**

"The Declaratory Judgment Act provides that a federal court 'may declare the rights and other legal relations of any interested party seeking such declaration.'" SFR Servs. LLC v. Webb, No. 23-CV-81079-RLR, 2024 U.S. Dist. LEXIS 7722 (S.D. Fla. Jan. 16, 2024) (quoting 28 U.S.C. §2201). Courts are afforded a "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). The discretion is "exceptionally broad" Otwell v. Alabama Power Co., 747 F.3d 1275, 1280 (11th Cir. 2014).

A declaratory judgment counterclaim that is duplicative of the defendant's affirmative defenses is redundant, improper, and subject to dismissal. See e.g., United States ex rel. BAC Funding Consortium, Inc. v. Westchester Fire Ins. Co., No. 13-22536-CIV-COHN/SELTZER, 2014 U.S. Dist. LEXIS 5736, at *16–17 (S.D. Fla. Jan. 16, 2014) ("Because the resolution of BAC's claims and ACE's defenses thereto would resolve the questions raised in ACE's counterclaim, the Court finds that the counterclaim for declaratory judgment serves no useful purpose.") (dismissing duplicative declaratory judgment counterclaim); It's a 10, Inc. v. Beauty Elite Group, Inc., No. 13-60154, 2013 U.S. Dist. LEXIS 121773, at *12–14 (S.D. Fla. Aug. 27, 2013) (declining to exercise jurisdiction over declaratory judgment counterclaim also pled as affirmative defense); Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co., No. 11-21163,

2012 U.S. Dist. LEXIS 57041, at *6–8 & n.2 (S.D. Fla. Apr. 24, 2012) (same); Knights Armament Co. v. Optical Sys. Tech., 568 F. Supp. 2d 1369, 1374–75 (M.D. Fla. 2008) (dismissing declaratory judgment claim where claims brought by both sides to controversy would resolve issue at stake in declaratory judgment claim); Dantzler, Inc. v. Hubert Moore Lumber Co., No. 7:13-CV-56, 2013 U.S. Dist. LEXIS 136962, at *2–3 (M.D. Ga. Sept. 25, 2013) (dismissing declaratory judgment counterclaim duplicative of affirmative defense); Penn Mut. Life Ins. v. Berck, No. OKC 09-0578, 2010 U.S. Dist. LEXIS 86025, at *3 (D. Md. Aug. 20, 2010) ("This type of double pleading is not the purpose of a declaratory judgment."); Penn Mut. Life Ins. v. GreatBanc Tr. Co., No. 09 C 6129, 2010 U.S. Dist. LEXIS 74878, at *5 (N.D. Ill. July 21, 2010) ("counterclaims that mimic affirmative defenses are no less duplicative [than] counterclaims that mirror the plaintiff's request for declaratory relief"). Accordingly, "[t]o determine whether a declaratory judgment serves a useful purpose, courts should consider 'whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim.'" Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011) (J. Marra) (quoting Gratke v. Andersen Windows, Inc., 2010 U.S. Dist. LEXIS 137047, *2 (D. Minn. 2010)).

Here, **none** of Defendant's purported claims serves **any** useful purpose. Count I of the Counterclaim seeks a declaration of lack of ownership. As the Court knows, "[l]iability for copyright infringement arises when a plaintiff can prove (1) ownership of a copyright, and (2) a defendant's copying of the copyrighted work. See XYZ Corp. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A", 668 F. Supp. 3d 1268, 1274 (S.D. Fla. 2023); see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Ownership is one of the foundational elements that Plaintiff must prove. Plaintiff alleged in his Complaint that he is the

owner of the Work.[1] Therefore, the issue of ownership will necessarily be determined by the Court before resolving the claims in Plaintiff's Complaint. As such, Count I is redundant and does not serve a purpose.

Count II of the Counterclaim seeks a declaration that Defendant used a derivative work. Defendant's use of the Work (whether original or derivative) would still amount to infringement, as the right to create a derivative work sits squarely within 17 U.S.C. § 106. Count II is irrelevant and serves no purpose, as infringement of a derivative work is still infringement. Further Count II has no bearing on the relationship between the parties but is a factual inquiry into whether the New York Post created a derivative of Plaintiff's Work and whether Defendant copied the Work straight from the post. "[A] declaratory judgment serves to clarify the legal relations and is **not for the purpose of making factual determinations.**" Medmarc Cas. Ins. Co., 783 F. Supp. 2d at 1216 (J. Marra) (emphasis added). A declaratory judgment that Defendant used a derivative work is a factual determination and not proper for the Court to make.

Count III of the Counterclaim seeks a declaration of non-infringement. The 'non-infringement' notion is predicated on Defendant's fair use defense. Defendant is simply seeking a declaration completely contrary to Plaintiff's allegation. Defendant's counterclaim will necessarily be resolved by Plaintiff's allegations in his Complaint. Defendant's request for a declaration of non-infringement on the basis of fair use is even more redundant as Defendant's Second Affirmative defense asserts that "Plaintiff's claim of copyright infringement is barred, in whole or in part, by the Doctrine of Fair Use, as codified in 17 U.S.C. §107."[2]

Count IV of the Counterclaim seeks a declaration of lack of willfulness. Again, the lack of

---

[1] Plaintiff's Amended Complaint, at p. 4, 5, ¶ 14, 17. See D.E. 6.

[2] Defendant's Answer, Affirmative Defenses and Counterclaim, at p.5, ¶ 2. See D.E. 58.

willfulness, just like Count III of the Counterclaim, is predicated on the notion that Defendant believes its conduct is excused by the doctrine of fair use. And, yet again, Defendant's Counterclaim serves no purpose. In his Complaint, Plaintiff alleges that Defendant's infringement was willful.[3] Defendant's Counterclaim will necessarily be resolved by Plaintiff's Complaint. Further, just as Count III was duplicative of Defendant's affirmative defense, so too is Count IV. Lack of Willfulness grounded in fair use is duplicative of Defendant's Second Affirmative defense.

In <u>Incredible Features, Inc. v. BackChina, LLC</u>, No. CV 20-943-DMG (RAOx), 2020 U.S. Dist. LEXIS 250601, at *4–5 (C.D. Cal. Dec. 8, 2020) (another case involving a copyright infringement claim and a declaratory judgment of noninfringement counterclaim), the court succinctly and persuasively stated:

> Defendant's first, second, and third counterclaims for declaratory relief are merely duplicative of its affirmative defenses. The remedy they would provide—a judicial declaration that Defendant's actions did not amount to infringement—is exactly the same that successfully litigating its affirmative defenses would. Defendant argues that the counterclaims would allow it to pursue a remedy in the event that Plaintiffs dismiss their claims, Opp. at 3, but Defendant could always object to a dismissal without prejudice, which Plaintiff can obtain only with Defendant's consent or by Court order. <u>See</u> Fed. R. Civ. P. 41(a)(1), (2). Defendant also claims that its request for attorneys' fees gives the Court something new to adjudicate, Opp. at 3, but Defendant can still demand fees under applicable statutes if it is the prevailing party, without the need to raise duplicative counterclaims. <u>See</u> 17 U.S.C. § 505.

This case is no different than <u>Incredible Features, Inc.</u>—Defendant has raised a counterclaim for declaratory relief where Counts III and IV are merely duplicative of its affirmative defense (i.e., fair use). Other than some underlying desire to assert an affirmative claim for relief, there is no justification for Defendant maintaining a duplicative claim for declaratory

---

[3] Plaintiff's Amended Complaint, at p. 9, ¶ 35,36. <u>See</u> D.E. 6.

judgment in this case.

In Gasperoni, the court dismissed defendant's counterclaim determining that:

> The Court finds that no useful purpose would be served by allowing the Amended Counterclaim to proceed. First, the Court will necessarily determine Plaintiffs' evidentiary burden before resolving the claims in their Complaint. Second, Defendant explicitly raises the exact same issue in his First Affirmative Defense. Because the appropriate evidentiary burden is an issue that is already before the Court by virtue of the Complaint and Amended Answer, a declaratory judgment would not serve a useful purpose.
>
> Accordingly, the Court declines to exercise its discretion to adjudicate Defendant's Amended Counterclaim.

Gasperoni v. Andrew, No. 6:19-cv-1308-Orl-40EJK, 2020 U.S. Dist. LEXIS 257028, at *5 (M.D. Fla. Mar. 19, 2020). Just as in Gasperoni, Defendant's counterclaims serve no useful purpose. The declarations sought in Counts I, III and IV will be necessarily determined by Plaintiff's Complaint. Further, Counts III and Count IV of Defendant's Counterclaim are predicated on its Second Affirmative defense, thus making the issue duplicative. The issues Defendant raises in Counts I, III and IV of its Counterclaim are squarely before the Court in Plaintiff's Complaint and Defendant's Amended Answer. The issue Defendant raises in Count II of its Counterclaim is improper for the Court to decide. As Judge Marra explained in Medmarc Cas. Ins. Co., declaratory judgments are not for the purpose of making factual determinations,[4] which is exactly what Defendant has asked the Court to do.

Therefore, a declaratory judgment would serve no useful purpose, and in regard to Count II be improper, and this Court (as the Court in Gasperoni did), should exercise its discretion and

---

[4] See also Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC, 650 F. Supp. 2d 1213, 1231 (S.D. Fla. 2009); Eisenberg v. Standard Ins. Co., No. 09-80199, 2009 U.S. Dist. LEXIS 53945, at * 3 (S.D. Fla. June 25, 2009).

decline to adjudicate Defendant's Counterclaim.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) dismissing Counts I–IV of the Counterclaim and (b) for such further relief as the Court deems proper.

Dated: June 21, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Lauren Hausman
    Lauren Hausman, Esq.
    Florida Bar No.: 1035947
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Lauren Hausman
Lauren Hausman, Esq.