UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-81267-CIV-LEIBOWITZ

**CHRISTOPHER SADOWSKI,**

    Plaintiff,

v.

**FYI NETWORKS, LLC,**

    Defendant.

**FYI NETWORKS, LLC,**

    Counterclaim Plaintiff,

v.

**CHRISTOPHER SADOWSKI,**

    Counterclaim Defendant.

## FYI'S RULE 26 INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant, Counterclaim Plaintiff—FYI Networks, LLC ("FYI")—hereby provides the following initial disclosures:

### RESERVATIONS

1.    FYI's disclosures are based upon information reasonably available to FYI as of the date of these disclosures. Continuing investigation and discovery may reveal additional information requiring clarification, modification, amendment, or supplementation of these disclosures. Accordingly, FYI reserves the right to clarify, modify, amend, or supplement the information disclosed below as necessary.

2. FYI expressly reserves the right to identify and call as witnesses additional persons other than those listed below if FYI learns of or discloses that additional persons have knowledge of relevant matters.

3. FYI's initial disclosures are made subject to and without limiting any of the foregoing reservations.

## INITIAL DISCLOSURES PURSUANT TO RULE 26

**I.** **Individuals Likely to Have Discoverable Information to Support FYI's Claims and Defenses.**

FYI discloses the following names and, if known, address and telephone numbers of each individual likely to have discoverable information—along with the subjects of that information—that it may use to support its claims or defenses:

| Name | Address and Telephone Number (if Known) | Subject of Known Information |
|---|---|---|
| Craig Goldberg | c/o Coffey Burlington<br>2601 South Bayshore Dr., PH 1<br>Miami, FL 33133<br>305-858-2900 | Craig Goldberg is likely to have information regarding FYI's formation, its business operations, and its use of the works at issue. |
| Matthew Zwick | c/o Coffey Burlington<br>2601 South Bayshore Dr., PH 1<br>Miami, FL 33133<br>305-858-2900 | Matthew Zwick is likely to have information regarding FYI's formation, its business operations, and its use of the works at issue. |
| Thomas Prade | c/o Coffey Burlington<br>2601 South Bayshore Dr., PH 1<br>Miami, FL 33133<br>305-858-2900 | Thomas Prade is likely to have information regarding FYI's formation, its business operations, and its use of the works at issue. |
| Christopher Sadowski | c/o CopyCat Legal PLLC<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065<br>877-437-6228 | Christopher Sadowski is likely to have information regarding any licensing agreements that it has entered into with The New York Post and other similar licensees, the creation, use, registration, and maintenance, of his artic works (including the works at issue in this matter). Christopher Sadowski is also likely to have information regarding his access to and |

Case No.: 23-81267-CIV-LEIBOWITZ

|  |  |  |
|---|---|---|
|  |  | understanding of the New York Posts user agreements, including but not limited to its Terms of Service. Additionally, Christopher Sadowski is likely to have information regarding The New York Post's use of the works at issue. Furthermore, Christopher Sadowski is likely to have information regarding the purpose, character, and creative nature of the works at issue, in addition to the source and generation of market revenue derived by the works at issue. Christopher Sadowski is also likely to have information regarding the various copyright infringement allegations that he has asserted, and actions he has initiated, against third parties across the United States, the sums of the settlement payments and judgements, whether through default or otherwise, obtained for the same, and all individuals with whom he does or has worked in collaboration with in furtherance of obtaining such settlements or judgements. |
| Designated Representative of The New York Post | Address and phone number presently unknown | The New York Post is likely to have information regarding any licensing agreements that it has entered into with Christopher Sadowski and the terms of the same. Additionally, The New York Post is likely to have information about its use of the works at issue in this litigation. Furthermore, The New York Post is likely to have information about its Terms of Use and the meaning and application of the provisions of the same. |
| Designated Representative of CopyCat Legal PLLC | CopyCat Legal PLLC 3111 N. University Drive Suite 301 | CopyCat Legal is likely to have information, exclusive of any information subject to the attorney |

| | Coral Springs, FL 33065<br>877-437-6228 | client privilege, work-product privilege, and client confidentiality, regarding its billing to Christopher Sadowski in this matter, as well as all other matters in which it has represented Christopher Sadowski with relation to the various copyright infringement allegations that he has asserted, and actions he has initiated, against third parties across the United States, the sums of the settlement payments and judgements, whether through default or otherwise, obtained for the same, and all individuals with whom he does or has worked in collaboration with in furtherance of obtaining such settlements or judgements. |
| --- | --- | --- |
| Matthew K. Higbee, Esq. | Higbee & Associates, APC<br>1504 Brookhollow Drive<br>Suite 112<br>Santa Ana CA 92705<br>714-361-1967 | Mr. Higbee, who at one point represented Christopher Sadowski in connection with various of his copyright infringement claims and actions, is likely to have information, exclusive of any information subject to the attorney client privilege, work-product privilege, and client confidentiality, regarding the various copyright infringement allegations that Christopher Sadowski has asserted, and actions he has initiated, against third parties across the United States, , the sums of the settlement payments and judgements, whether through default or otherwise, obtained for the same, and all individuals with whom he does or has worked in collaboration with in furtherance of obtaining such settlements or judgements. |

Case No.: 23-81267-CIV-LEIBOWITZ

II. **Documents Plaintiff Has in its Possession, Custody, or Control and May Use to Support its Claims.**[1]

FYI discloses the following description(s) by category and location of all documents, electronically stored information, and tangible things that it has in its possession, custody, or control and may use to support its claims or defenses:

| Document Category | Location |
|---|---|
| Communications, if any, between FYI and any of the named individuals and entities in Section I of FYI's Initial Disclosures regarding the claims and counterclaims raised in this matter. | Electronically Stored Information at FYI |
| Communications and financial documents reflecting FYI's accounting, inclusive of revenues and expenses. | Electronically Stored Information at FYI |
| Records reflecting traffic to FYI's webpage(s). | Electronically Stored Information at FYI |
| Records reflecting FYI's news reporting, generally. | Electronically Stored Information at FYI |
| Records reflecting the purpose and character of FYI's reporting. | Electronically Stored Information at FYI |
| Records reflecting FYI's use of the works at issue. | Electronically Stored Information at FYI |

III. **Computation of Damages.**

The relief that FYI seeks is almost exclusively declaratory relief; however, depending on this disposition of the pending claims and counterclaims, FYI intends to seek recovery of the attorney's fees and costs that it has incurred in relation to its defense and prosecution of the claims and counterclaims, respectively, asserted in this matter. Thus, the nature and full scope of damages is still being assessed, with discovery not yet initiated by any part in this matter. FYI will continue to evaluate the damages it claims in this matter, based on information and discovery that develops during the progress of the case.

---

1. In making these disclosures, FYI does not concede the admissibility of any categories of documents identified below and reserves any objections it may have to the production of these or any other documents, electronically stored information, and/or tangible things on any basis permitted by the Federal Rules of Civil Procedure—including, but not limited to, attorney-client or work-product privileges, and any other privileges, protections, and confidentiality.

Case No.: 23-81267-CIV-LEIBOWITZ

IV. <u>**Insurance Agreements.**</u>

FYI does not have any insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Respectfully submitted,

By: */s/ Sergio E. Molina*
    Sergio E. Molina
    Florida Bar No. 1031693

**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel.: (305) 858-2900
Fax: (305) 858-5261
smolina@coffeyburlington.com
bdiaz@coffeyburlington.com
service@coffeyburlington.com

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on June 26, 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served on all counsel of record entitled to receive service in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Sergio E. Molina*
    Sergio E. Molina