## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### Case No.: 23-81267-CIV-LEIBOWITZ

**CHRISTOPHER SADOWSKI,**

      Plaintiff,

v.

**FYI NETWORKS, LLC.,**

      Defendant.

---

### FYI'S RESPONSE IN OPPOSITION TO SADOWSKI'S
### MOTION TO DISMISS FYI'S AMENDED COUNTERCLAIM

Pursuant to Rule 7.1(c) of the Local Rules of the United States District Court for the Southern District of Florida, Defendant/Counter-Plaintiff—FYI Networks, LLC ("FYI")—responds in opposition to the Motion to Dismiss Defendant's Amended Counterclaim, [ECF No. 60], (the "Motion") filed by Plaintiff/Counter-Defendant—Christopher Sadowski ("Sadowski")—as follows:

### BACKGROUND

For close to nearly a decade, Sadowski has made a prosperous business out of wielding the Copyright Act contrary to public policy in order to obtain payouts or default judgments against indigent, under-resourced, or underrepresented individuals and entities who either do not respond or do not have the means to fund continued litigation. On September 14, 2023, Sadowski pursued FYI, an online news reporting website, as one of his many targets, initiating suit against FYI for what Sadowski alleges is copyright infringement despite the alleged infringement occurring in connection with FYI's online news reporting. As is Sadowski's common practice in the majority

of his over 190 copyright actions against underrepresented defendants, Sadowski made efforts to obtain a default judgment against FYI; however, Sadowski's efforts were unsuccessful.[1] In the time since, the action has progressed in the ordinary course of civil litigation.

The subject of the Court review at this juncture is FYI's Amended Counterclaim, filed on June 7, 2024, which raises five (5) counts against Sadowski: (I) Declaratory Judgment as to Sadowski's Lack of Ownership; (II) Declaratory Judgment as to FYI's Use of Derivative Works; (III) Declaratory Judgment as to No Infringement by FYI; (IV) Declaratory Judgment as to FYI's Lack of Willfulness; and (V) Declaratory Judgment as to Sadowski's Misuse of Copyright. *See* Am. Countercl. at 7–10.

Sadowski invites the Court to "exercise its discretion and decline to adjudicate," Mot. at 9, only four (4) of FYI's five (5) counts, Counts I–IV. *Id.* at 6–9. To do so, Sadowski notably invokes Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* at 12. In support of his position, Sadowski argues not that the allegations of the Amended Counterclaim are inadequately pled, as required for dismissal under Rule 12(b)(6), but rather only that Counts I–IV "serve[] no useful purpose," *id.* at 5, an inquiry subject to the Court's exceptionally broad discretion, as Sadowski acknowledges. *Id.* (citing "*Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *Otwell v. Alabama Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014)).

---

1.      For reasons unclear to FYI, Sadowski dedicates a considerable portion of its Motion to the recounting of efforts to set aside the default entered against a party that, at the time, was participating *pro se* under the direction of its owner, an individual that is neither licensed nor trained to practice law—efforts that, in recognition of the circumstances, were successfully granted by this Court's predecessor judge. That chapter in this litigation has closed and Sadowski's attempts to seemingly relitigate the issue at this juncture is inappropriate in light of its settled status and wholly irrelevant to the motion at issue. To be sure, Sadowski's references to his efforts to seek default and FYI's *pro se* status prior to that point are not raised in, or in any way related to, the operative counterclaim, its four corners, or its exhibits. *EEOC v. Darden Rests., Inc.*, 143 F. Supp. 3d 1274, 1278 (S.D. Fla. 2015) (citing *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) (noting that when deciding a motion to dismiss, "the court may examine only the four corners of the complaint.").

Thus, the issues squarely before the Court are: (1) whether Counts I–IV are redundant, meaning they serve no useful purpose; and (2) whether, if so, that is sufficient to entitle Sadowski to dismissal of Counts I–IV.

What Sadowski fails to consider in justifying his request for dismissal of Counts I–IV is that: (1) declarations as to Counts I–IV are not redundant because, among other things articulated in greater detail *infra*: (a) even if FYI prevails against Sadowski on his copyright infringement claim, FYI will not necessarily obtain positive declarations that might not logically flow from that judgment; and (b) Counts I–IV of FYI's Amended Counterclaim have a bearing on the disposition of the only count that Sadowski has not moved to dismiss: Count V for a declaration of misuse of copyright; and (2) even if Counts I–IV of FYI's Amended Counterclaim are wholly redundant, which they are not, the Court should nonetheless exercise its discretion to reject dismissal efforts, because: (a) it is authorized to do so even where counterclaims are wholly redundant; (b) Rule 12(b)(6) tests only the validity, not the redundancy, of a complaint or counterclaim; and (c) Sadowski suffers no prejudice in allowing the Amended Counterclaim to proceed alongside its amended complaint.

On these grounds, Sadowski's Motion should be denied.[2]

## **LEGAL STANDARD**

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Geter v. Galardi S. Enters., Inc.*, 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014) (internal quotation marks and citation omitted).

---

2.     Alternatively, if the court determines that Counts I–IV of FYI's Amended Counterclaim are redundant such that they warrant dismissal, FYI should be granted leave to amend its counterclaims. Sadowski has not argued that dismissal should be issued with prejudice, nor could such a position be maintained where FYI could amend to more clearly articulate the declarations it requests which would not otherwise be afforded to FYI even in the event of a judgement in its favor on Sadowski's amended complaint. As articulated in greater detail *infra* this is sufficient for the viability of such claims, as routinely held by district and circuit courts alike.

*See also Burger King Corp. v. Holder*, 844 F. Supp. 1528, 1529 (S.D. Fla. 1993). A counterclaim must therefore "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded factual allegations in the counterclaim as true and view them in the light most favorable to the counter-plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Ultimately, under a 12(b)(6) motion to dismiss, the court must determine whether the counterclaim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then whether the counterclaim is plausible on its face. *Iqbal*, 556 U.S. at 663, 679 (citing *Twombly*, 550 U.S. at 556).

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

Courts are afforded a "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286. *See also Kerotest Mfg., Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952). The discretion is "exceptionally broad," *Otwell*, 747 F.3d at 1280, and will not be disturbed absent clear indication of abuse, *Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1251 (11th Cir.2008). In exercising its discretion, however, a district court may not decline to entertain a declaratory judgment action "on the basis of whim or personal disinclination." *Angora Enters. Inc., v. Condo. Ass'n of Lakeside Vill., Inc.*, 796 F.2d 384, 387 (11th Cir. 1986) (per curiam).

Applying these standards here, the Court should exercise its discretion to entertain Counts I–IV of FYI's Amended Counterclaim and deny Sadowski's Motion.

## ARGUMENT

I. **Counts I–IV Of FYI's Amended Counterclaim Are Not Redundant Because They Each Serve A Useful Purpose**.

When deciding whether to dismiss a counterclaim on the basis that it is redundant, "courts consider whether the declaratory judgment serves a useful purpose. To determine whether the declaratory judgment serves a useful purpose, courts should consider whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *Medmarc Cas. Ins. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011) (citation omitted). *See also New Mkt. Realty 1L LLC v. Great Lakes Ins.* SE, 341 F.R.D. 322, 325 (M.D. Fla. 2022). Even a counterclaim that is a "mirror image" of a complaint may serve a useful purpose. *Medmac*, 783 F. Supp. 2d at 1217.

As an initial matter, neither Sadowski's Amended Complaint nor FYI's affirmative defenses will result in a judgment issuing positive declarations as to the interpretation of the licensing agreement entered into by Sadowski and the New York Post. It is acknowledged in this district, as in its sister districts, that:

> In instances where the declaratory relief is based on contract interpretation, courts are reluctant to dismiss a counterclaim for declaratory relief as redundant even when it is a near "mirror image" of the complaint, because a "ruling adverse to the plaintiff on plaintiff's claim would merely result in a judgment that plaintiff was not entitled to the relief requested; although it might logically flow from that judgment that defendant's interpretation of the contract was the correct one, defendants would not be entitled to a judgment to that effect unless that specifically requested one."

*Medmarc*, 783 F. Supp. 2d at 1217 (quoting *Procentury Ins. Co. v. Harbor House Club Condo. Ass'n, Inc.*, 652 F. Supp. 2d 552, 556–57 (D. N.J. 2009). *See also New Mkt. Realty*, 341 F.R.D. at 327.

Here, Counts I, II, and IV of FYI's Amended Counterclaim are all premised on the license agreement between Sadowski and the New York Post. It is axiomatic that a license agreement is a

5

contract from which rights and obligations flow. *See generally, Imation Corp. v. Koninklijke Philips Elecs. N.V.*, 586 F.3d 980, 985 (Fed. Cir. 2009); *Power Lift, Inc. v. Weatherford Nipple-Up Sys., Inc.*, 871 F.2d 1082, 1085 (Fed. Cir. 1989); *MCA Television Ltd. v. Pub. Interest Corp.*, 171 F.3d 1265 (11th Cir. 1999); *Infogroup Inc. v. Office Depot, Inc.*, 688 F. Supp. 3d 1179, 1183 (S.D. Fla. 2023); *Burger King Corp. v. Huynh*, 11-22602-CIV, 2011 WL 6190163, at *6 (S.D. Fla. Dec. 5, 2011).

There are inevitably overlapping issues in Sadowski's copyright infringement claim and FYI's declaratory judgment counterclaim, but the relief sought by the parties is not identical. FYI seeks more than just to avoid liability for copyright infringement. Indeed, a judgment against Sadowski will merely demonstrate that Sadowski was not entitled to damages on the copyright infringement claim; it will not settle whether, for example: as to Count I, Sadowski licensed its rights under the licensing agreement to the New York Post and, if so, which of the panoply of copyrights he licensed;[3] as to Count II, the New York Post was permitted to, and did, make derivative works from Sadowski's works; the New York Post owns the rights in the derivative works; and FYI used the derivative works; and, as to Count IV, Sadowski's review of, and reliance on, the New York Post's publicly-available license agreement and terms was reasonable. [4]

Thus, FYI seeks a judicial determination that its interpretation of the New York Posts' licensing agreement, and its reliance on the same, is correct and proper, *inter alia*. Pursuit of the counterclaims allows FYI to have these issues affirmatively adjudicated where they otherwise would not under Sadowski's amended complaint. Consequently, the relief afforded by a favorable

---

3.      *Baker v. FirstCom Music*, LACV168931VAPJPRX, 2017 WL 9510144, at *10 (C.D. Cal. July 27, 2017) (determining that a counterclaim for declaratory relief that a party other than the Plaintiff is the sole owner of the copyright to the works at issue is a useful purpose warranting denial of motion to dismiss the counterclaim).

4.      It bears noting that Count II of FYI's Amended Counterclaim, its cause of action for declaratory relief as to its use of a derivative work of Sadowski's work, is not raised as an affirmative defense and, thus, is not presently at issue in this litigation absent FYI's Amended Counterclaim.

judgment as to Counts I–IV of FYI's Amended Counterclaim would not be duplicative of a judgment in its favor against Sadowski on his Copyright infringement action and, additionally, would lay the foundation for earlier resolution of straightforward, threshold issues by way of dispositive motion(s).

Additionally, declarations as to each of the first four counts of FYI's Amended Counterclaim, if issued in favor of FYI, will lend themselves to establishment of the basis of FYI's claim for copyright misuse in Count V—mainly that Sadowski has misused copyright protections in a manner contrary to public policy, as demonstrated by positive declarations on each of the issues raised in the preceding four counts of the Amended Counterclaim, which FYI cannot obtain by litigating and defending Sadowski's Amended Complaint alone. Furthermore, FYI must remain concerned about the risk of similar allegations if it develops and markets similar news reports in the future. As such, FYI has something to gain from counterclaims for declarations as to the fairness of its use(es), as in Count III, and the willfulness or lack thereof demonstrated by its reliance on licensing agreements published publicly. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 99–100 (1993).

It follows, then, that it can hardly be said, much less at this early stage of the case, that Counts I–IV of FYI's Amended Counterclaim serve no useful purpose. Accordingly, the Court should deny Sadowski's Motion.

## II.      <u>Even If Counts I–IV Of FYI's Amended Complaint Are Determined To Be Redundant, Which They Are Not, The Court Is Nonetheless Authorized To Entertain Them At This Juncture.</u>

This Court should decline Sadowski's invitation for it to exercise its discretion to dismiss Counts I–IV of FYI's counterclaims for three reasons.

First, although some courts have dismissed declaratory judgment counterclaims as being duplicative or redundant of issues already presented by a plaintiff's complaint and the defendant's answer, "[t]his conclusion has **not been widely accepted**, . . . because it ignores the possibility that it is very difficult to determine whether the declaratory-judgment counterclaim really is redundant prior to trial." Charles Alan Wright & Arthur R. Miller, 6 FED. PRACTICE & PROCEDURE § 1406 (citation omitted) (emphasis added).[5]

Thus, where there exists doubt as to the redundancy of the counterclaims, "the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless

---

[5]    Indeed, a survey of cases—both within the Eleventh Circuit and outside of it, as well as pertaining to both intellectual property disputes, among others—reveals that requests to dismiss declaratory judgment counterclaims on the basis that they serve no useful purpose are routinely denied. *Dominion Elec. Mfg. Co. v. Edwin L. Wiegand Co.*, 126 F.2d 172 (6th Cir. 1942); *Holley Performance Prod., Inc. v. Quick Fuel Tech., Inc.*, 624 F. Supp. 2d 610 (W.D. Ky. 2008); *Capitol Records, Inc. v. MP3tunes, LLC*, 611 F. Supp. 2d 342, 348 (S.D.N.Y. 2009); *New Mkt. Realty*, 341 F.R.D. 322; *Accelerant Specialty Ins. Co. v. Z & G Boat & Jet Ski Rentals, Inc.*, 8:23-CV-2148-KKM-CPT, 2024 WL 2939173 (M.D. Fla. June 11, 2024); *Uganda v. Estate of Tonder*, 2:21-CV-916-JES-NPM, 2022 WL 3369496 (M.D. Fla. Aug. 16, 2022); *Short-E LLC v. Cierra*, 2:21-CV-162-SPC-MRM, 2021 WL 6118079 (M.D. Fla. Dec. 23, 2021); *First Mercury Ins. Co. v. First Fla. Bldg. Corp.*, 820CV01929CEHAAS, 2021 WL 4169795 (M.D. Fla. Sept. 14, 2021); *Wilmington Sav. Fund Soc'y, FSB as Tr. for NRP Mortg. Tr. I v. Integon Nat'l Ins. Co.*, 4:20-CV-10085-JLK, 2021 WL 1676641 (S.D. Fla. Apr. 28, 2021); *J.G.G. Tobacco Holding Co., Inc. v. Antigua Esteli Tobacco, Corp.*, 19-23732-CIV, 2020 WL 4926582 (S.D. Fla. May 20, 2020); *Rodriguez v. Certain Underwriters at Lloyd's London*, 1:19-CV-20171-UU, 2019 WL 8017464 (S.D. Fla. Apr. 10, 2019); *Frank v. Rockhill Ins. Co.*, 2:18-CV-162-FTM-99CM, 2018 WL 5619325 (M.D. Fla. Oct. 30, 2018); *Santeiro v. Wacko's Too, Inc.*, 3:17-CV-1233-J-25PDB, 2018 WL 11344442 (M.D. Fla. Oct. 30, 2018); *Jupiter Reef Club Condo. Owners Ass'n, Inc. v. Rockhill Ins. Co.*, 18-80940-CV, 2018 WL 8264591 (S.D. Fla. Oct. 2, 2018); *Clark v. Rockhill Ins. Co.*, 618CV780ORL37KRS, 2018 WL 4926487 (M.D. Fla. Sept. 21, 2018), *report and recommendation adopted sub nom*; *Traturyk v. W.-S. Life Assurance Co.*, 615CV1347ORL40TBS, 2016 WL 727546 (M.D. Fla. Feb. 24, 2016); *The Macknight Food Grp., Inc. v. The Santa Barbara Smokehouse, Inc.*, 15-21179-CIV, 2015 WL 6380644 (S.D. Fla. Oct. 22, 2015); *Evanston Ins. Co. v. Gaddis Corp.*, 15-CIV-60163, 2015 WL 2070386 (S.D. Fla. May 4, 2015); *Palms of Pembroke Condo. Ass'n, Inc. v. Glencoe Ins., Ltd.*, 13-62202-CV-KAM, 2014 WL 11706422 (S.D. Fla. Sept. 2, 2014); *Riding Films, Inc. v. White*, No. 2:13-CV-00046, 2014 WL 3900236 (S.D. Ohio Aug. 11, 2014); *Goodbys Creek, LLC v. Arch Ins. Co.*, 3:07-CV-947-J-34HTS, 2009 WL 10671130 (M.D. Fla. Aug. 11, 2009); *Advocate Communications, Inc. v. Town Found., Inc.*, 04-61408-CIV, 2005 WL 8155323 (S.D. Fla. Aug. 10, 2005); *NextGen Builders LLC v. Platinum Builders Group LLC*, CV-24-00202-PHX-JJT, 2024 WL 2977661 (D. Ariz. June 13, 2024); *Good L Corp. v. Fasteners for Retail, Inc.*, No. 3:18-CV-00489, 2020 WL 2572480 (M.D. Tenn. May 20, 2020); *Summit Props. P'ship v. Advance Stores Co., Inc.*, No. 3:18-CV-497-TAV-DCP, 2019 WL 2359568 (E.D. Tenn. June 4, 2019); *Canon U.S.A., Inc. v. F & E Trading LLC*, 215CV6015DRHAYS, 2017 WL 4357339 (E.D.N.Y. Sept. 29, 2017); *Baker v. FirstCom Music*, LACV168931VAPJPRX, 2017 WL 9510144 (C.D. Cal. July 27, 2017); *Fullips LLC v. Liptiful LLC*, CV-14-02500-PHX-JJT, 2015 WL 11118119 (D. Ariz. Oct. 22, 2015); *Sari v. Am.'s Home Place, Inc.*, L:14-CV-1454-GBL-JFA, 2015 WL 12780462 (E.D. Va. Apr. 2, 2015); *Righthaven LLC v. Choudhry*, No. 10–cv–02155–JCM, 2011 WL 1743839 (D. Nev. May 3, 2011).

there is **no doubt** that it will be rendered moot by the adjudication of the main action." *Id.* (emphasis added). *See also NextGen Builders LLC*, 2024 WL 2977661, at *2 (citing *Aviva USA Corp. v. Vazirani*, CV 11-0369-PHX-JAT, 2012 WL 71020, at *3 (D. Ariz. Jan. 10, 2012)) (acknowledging that even where there is a split among courts "on how to handle counterclaims for declaratory relief if such claims are repetitious of issues raised in the complaint of affirmative defenses, the safest course is to deny the motion to dismiss the counterclaim.").

In fact, "even where the counterclaim is **wholly** redundant, this Court may exercise its discretion by not dismissing [it]." *Medmarc*, 783 F. Supp. 2d at 1217 (citation omitted) (emphasis added). *See also New Mkt. Realty*, 341 F.R.D. at 325; *Travelers Indem. Co. of Ill. v. Royal Oak Enters., Inc.*, 429 F. Supp. 2d 1265, 1270 (M.D. Fla. 2004) (denying a motion on the basis that even the duplicative nature of counts at issue did not warrant dismissal), *aff'd*, 171 F. App'x 831 (11th Cir. 2006).

Second, "motions to dismiss made under Rule 12(b)(6) only test the validity of the claim, not its redundancy; a redundant claim should not be dismissed as long as it is valid." *New Mkt. Realty*, 341 F.R.D. at 327 (quoting *Wichael v. Wal-Mart Stores, E., LP*, No. 6:14-cv-579-Orl-40DAB, 2014 WL 5502442, at *2 (M.D. Fla. Oct. 30, 2014)). *See also Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1303 (M.D. Fla. 2015) ("It is well-established that '[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.") (quoting FED. R. CIV. P. 57). Here, Sadowski takes no issue with the validity of the claims and focuses solely on redundancy, which, alone, is insufficient to entitle him to dismissal of Counts I–IV of FYI's Amended counterclaim.

Third, and lastly, if the relief sought in Counts I–IV of FYI's Amended Counterclaim is truly redundant of the relief available to FYI by a judgment issued on Sadowski's copyright

infringement claim, then Sadowski would suffer no prejudice in allowing Counts I–IV of FYI's Amended Counterclaim to proceed alongside Sadowski's copyright infringement claim. New Mkt. Realty, 341 F.R.D. at 327 (citing *Regions Bank v. Commonwealth Land Title Ins. Co.*, No. 11-23257-CIV, 2012 WL 5410609, at *5 (S.D. Fla. Nov. 6, 2012) ("If, as plaintiff argues, the counterclaims are truly repetitious, then plaintiff will not have to expend much time on any additional discovery or briefing.")). *See also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 n.10 (11th Cir. 2014) ("Because the counterclaim related to the same subject matter as Perez's complaint, and a ruling on the complaint would necessarily create law of the case for purposes of the issues raised in the counterclaim, it would make little sense to decide the claims at issue in the complaint without simultaneously considering the claims at issue in the counterclaim.").

WHEREFORE, Defendant/Counter-Plaintiff—FYI Networks, LLC—respectfully requests that the Court deny the Motion to Dismiss Defendant's Amended Counterclaim, [ECF No. 60] filed by Plaintiff/Counter-Defendant—Christopher Sadowski—and issue additional relief as it deems just and proper.

Respectfully submitted,

By: */s/ Sergio E. Molina*
Sergio E. Molina
Florida Bar No. 1031693

**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel.: (305) 858-2900
Fax: (305) 858-5261
smolina@coffeyburlington.com
bdiaz@coffeyburlington.com
service@coffeyburlington.com

10

Case No.: 23-81267-CIV-LEIBOWITZ

<u>**CERTIFICATE OF SERVICE**</u>

     I HEREBY CERTIFY that on July 19, 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served on all counsel of record entitled to receive service in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

By:    */s/ Sergio E. Molina*    
           Sergio E. Molina

COFFEY │ BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261