UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:23-cv-81267-LEIBOWITZ/MCCABE

**CHRISTOPHER SADOWSKI,**

    *Plaintiff/Counter-Defendant,*

v.

**FYI NETWORKS, LLC,**

    *Defendant/Counter-Plaintiff.*

_____/

**ORDER**

Before the Court is Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim [ECF No. 60] (the "Motion"), filed on June 21, 2024, in this copyright infringement action. Plaintiff Christopher Sadowski is a photojournalist who moves to dismiss the counterclaims for declaratory judgment (Counts I-IV) brought by Defendant/Counter-Plaintiff FYI Networks, LLC, an online news organization ("FYI" or "Defendant"). In essence, Sadowski asserts that FYI's counterclaims for declaratory judgment "serve no useful purpose." [*Id.* at 5–9, 10].[1] Under federal law and the discretion conferred upon this Court, that's not just a vague insult; that legal phrase has some real bite if true. Upon due consideration, it turns out that there is some useful purpose to these counterclaims, and therefore the Motion is GRANTED IN PART and DENIED IN PART.

**I.     BACKGROUND**

FYI's counterclaim allegations, taken as true as this Court must on this procedural posture, *see Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam), are as follows:

Defendant operates an online news reporting website known as "FYI." [ECF No. 59 ¶ 7]. FYI's founders developed the website to report on current events, politics, technology, money, and

---

[1]     Plaintiff does not move to dismiss Defendant's Count V which seeks declaratory judgment for copyright misuse. [*See* ECF No. 60; ECF No. 59 at 10–11].

living, among other things. [*Id.* ¶ 8]. In establishing FYI, the founders were not motivated by profit but were, instead, motivated by their interest in publishing and disseminating news stories less frequently reported by the mainstream media. [*Id.* ¶ 9]. Since its establishment in 2021, FYI has operated at a loss, incurring expenses associated with the maintenance of its site (*e.g.,* website and e-mail hosting) in amounts that exceed revenue generated. [*Id.* ¶ 10].

Much like other online news websites, FYI locates trusted news sources, identifies stories that fit within its mission, and aggregates snippets of articles to create its own content. [*Id.* ¶ 13]. To add color and context to its reporting, FYI often includes images and routinely modifies them by cropping them. [*Id.* ¶ 15]. FYI is, however, careful to disclaim ownership of the images used and credits authors where the authors are known. [*Id.*].

In its Amended Counterclaim, Defendant alleges that Plaintiff manipulates the metadata within his digital images, licenses the images to third parties (including to more well-known outlets like *The New York Post*), and then searches the internet to locate sites where the images have been posted without his permission. [*Id.* ¶ 18–20]. Once Plaintiff identifies such an image, he "threatens to sue alleged infringers unless they pay him amounts in the tens of thousands of dollars. If an alleged infringer identified declines to pay or fails to respond to his demand, [Plaintiff] files suit for copyright infringement." [*Id.* ¶ 21].

According to Defendant, Plaintiff's financial success over the past nineteen (19) years is due to Plaintiff's leveraging his copyrighted works to "extort" potential defendants with threats of copyright infringement— not by money paid to him for use of the works themselves." [*Id.* ¶ 17]. Also according to Defendant, Plaintiff "has filed over 190 copyright lawsuits over the course of nine years, including close to forty during the year that the Complaint at issue was filed alone—many of them nearly identical in nature." [*Id.* ¶ 23].

Pertinent to this case, in or before 2021, Plaintiff licensed some of his copyrighted photographs to *The New York Post* by agreement (hereinafter "Agreement"). [*Id.* ¶ 27].[2] Defendant alleges that, pursuant to that Agreement, Plaintiff granted an exclusive license to *The New York Post* to use the photographs at issue in this lawsuit. [*Id.* ¶ 29]. Defendant further alleges that the Agreement "transfer[red] ownership of the copyright(s) in the [subject] works," such that Plaintiff no longer owns them. [*Id.* ¶¶ 32, 33]. Finally, Defendant alleges that "*The New York Post* did not provide a compliant copyright notice under one use of the works [at issue in this case] and did not provide any credit or copyright notice under [the other]." [*Id.* ¶ 36]. Consequently, Defendant "believed that it could lawfully reproduce the Works" and Defendant "credited" Plaintiff as to "each use so attributable." [*Id.* ¶ 37–39].

For relief, Defendant seeks declaratory judgment that: (1) Plaintiff is not the owner of the works at issue in this case (Amended Counterclaim I); (2) Defendant used a derivative work of *The New York Post* (Amended Counterclaim II); (3) Defendant did not infringe Plaintiff's copyright on fair use grounds (Amended Counterclaim III); (4) Defendant's use of the copyrighted works was not willful within the meaning of the Copyright Act (Amended Counterclaim IV); and (5) Plaintiff misused his copyright in violation of public policy (Amended Counterclaim V). [ECF No. 59 at 7–11].

## II.   LEGAL STANDARDS

### A.   Standard of Review.

The Court evaluates a motion to dismiss a counterclaim under the same standards as a motion to dismiss a complaint. *See Burger King Corp. v. Holder*, 844 F. Supp. 1528, 1529–30 (S.D. Fla. 1993). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

---

[2]   FYI appears to quote from the Agreement [*see* ECF No. 59 ¶ 28], but none has been filed.

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For the purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true; however, the court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although the plaintiff or counterclaimant is not required to provide "detailed factual allegations" to survive dismissal, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. As with a motion to dismiss the complaint, district courts must accept all well-pleaded allegations within the counterclaim as true and read the counterclaim in the light most favorable to its plaintiff. *See Hunnings*, 29 F.3d at 1484.

B.  **Declaratory Judgment Act**.

The Declaratory Judgment Act ("DJA") grants to federal district courts the power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). An essential element for every declaratory judgment action is the existence of an "actual controversy" between the parties. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239–40 (1937). An actual controversy exists where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (citation omitted). Ordinarily, a controversy is not sufficiently immediate or real where the parties' dispute is only hypothetical and is not yet ripe, has been rendered moot, or where the court's resolution of the matter would be purely academic. *See Aetna Life Ins. Co.*, 300 U.S. at 240–41; *Texas v. United States*, 523 U.S. 296, 300 (1998).

While the DJA "gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 F. App'x 861, 865 (11th Cir. 2016) (per curiam) (citation omitted). It is left to this Court's discretion whether or not to exercise jurisdiction over a DJA matter. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 282 (1995) ("[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."). Declaratory relief is appropriate "whenever the court has jurisdiction, there is an actual case or controversy[,] and an adjudication would serve a useful purpose." *Allstate Ins. Co. v. Employers Liab. Assur. Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971) (citations omitted). A court should permit a claim for declaratory judgment to proceed where declaratory relief would (1) "serve a useful purpose in clarifying and settling the legal relations in issue," and (2) "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594 (4th Cir. 2004) (citation omitted); *accord Allstate Ins. Co. v. Emp'rs Liab. Assurance Corp. Ltd.*, 445 F.2d 1278, 1280–81 (5th Cir. 1971).

C. **Declaratory Judgment Counterclaims**.

In an infringement suit, a district court has the authority under the DJA to entertain a counterclaim seeking declaratory relief for invalidity. *See Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993) (patent infringement case); *Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc.*, 29 F.3d 1529 (11th Cir. 1994) (copyright infringement case); *Norris Industries, Inc. v. International Tel. & Tel. Corp.*, 696 F.2d 918 (11th Cir. 1983) (recognizing district court's consideration of both plaintiff's claim for copyright infringement and defendant's request for declaratory judgment that copyright was invalid); *see also Voo-Doo Daddy Productions, LLC v. Colorblind Media, LLC,* No. 8:22-cv-1419-WFJ-AAS, 2023 WL 1469408, at *2 (M.D. Fla. Feb. 2, 2023) (declining to dismiss invalidity counterclaim in copyright action). Similarly, district courts have exercised their discretion to adjudicate

declaratory judgment counterclaims asserted for non-infringement in copyright cases. *See, e.g., Interactive Content Engines, LLC v. Rumble USA, Inc.,* No. 8:22-CV-1949-KKM-AEP, 2023 WL 3304813, at *5 (M.D. Fla. May 8, 2023) (declining to dismiss non-infringement counterclaim in copyright infringement action); *Next Gen Builders, LLC v. Platinum Builders Grp., LLC,* No. CV-24-00202-PHX-JJT, 2024 WL 2977661, at * 1–3 (D. Ariz. June 13, 2024) (denying motion to dismiss counterclaims for invalidity and non-infringement, noting the "importance of preserving counterclaims where a plaintiff alleges infringement because the alleged infringer is interested in both avoiding liability and affirmatively establishing that it did not infringe.") (citations and internal quotation marks omitted).

However, and somewhat confusingly in many contexts, a declaratory judgment counterclaim that only "mirrors" plaintiff's allegations or duplicates defendant's affirmative defenses, is redundant, improper, and subject to dismissal. *See e.g., United States ex rel. BAC Funding Consortium, Inc. v. Westchester Fire Ins. Co.*, No. 13-22536-CIV-COHN/SELTZER, 2014 WL 186125, at *5–6 (S.D. Fla. Jan. 16, 2014) (Cohn, J.) ("Because the resolution of BAC's claims and ACE's defenses thereto would resolve the questions raised in ACE's counterclaim, the Court finds that the counterclaim for declaratory judgment serves no useful purpose.") (dismissing duplicative declaratory judgment counterclaim); *It's a 10, Inc. v. Beauty Elite Group, Inc.*, No. 13-60154, 2013 WL 4543796, at *5 (S.D. Fla. Aug. 27, 2013) (Cohn, J.) (declining to exercise jurisdiction over declaratory judgment counterclaim also pled as affirmative defense). "To determine whether a declaratory judgment "serves a useful purpose," courts should consider whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011) (Marra, J.) (citation and internal quotation marks omitted).

### III.  DISCUSSION

Amended Counterclaims I and III, respectively, (1) challenge the validity of Plaintiff's copyright based on lack of ownership, and (2) affirmatively plead that Defendant has not infringed. These counterclaims are not redundant and, therefore, may proceed. Counterclaims II and IV are due to be dismissed for the reasons given below.

### A. Amended Counterclaims I and III "serve a useful purpose."

Plaintiff moves to dismiss Amended Counterclaims I and III as either redundant of Plaintiff's copyright infringement claim or as duplicative of Defendant's affirmative defenses. [*See* ECF No. 60 at 6–7]. Amended Counterclaim I challenges the validity of Plaintiff's copyright for lack of ownership. [ECF No. 59 at 7]. Here, Defendant alleges that Plaintiff granted *The New York Post* "an exclusive license" for the works at issue in this case; thus, Defendant seeks a declaration from the Court that *The New York Post* (not Plaintiff) owns the works in question. [*Id.* ¶¶ 47–51]. Amended Counterclaim III asks the Court to declare that Defendant's posting of Plaintiff's works to its website did not infringe on fair use grounds. [*Id.* ¶¶ 60–63].

In its Motion to Dismiss, Plaintiff argues Amended Counterclaim I is redundant because it is a "mirror" of what Plaintiff must prove to prevail in this action—ownership. [*See* ECF No. 60 at 6]. Similarly, Plaintiff contends Amended Counterclaim III is duplicative of Defendant's fair use defense. [*Id.* at 7]. Because the counterclaims are, in Plaintiff's view, redundant and duplicative, they "serve no useful purpose" and should be dismissed. [*See id.* at 6–7]. FYI responds that the counterclaims are neither redundant nor duplicative because they seek different rights and relief from that set forth in the Complaint. [ECF No. 64 at 3, 5–7]. The Court agrees with FYI.

Courts considering copyright invalidity and non-infringement challenges have declined to dismiss these counterclaims where they are based upon "different material and different rights" from those asserted in the complaint. *See Soos & Assocs., Inc. v. Five Guys Enterprises, LLC,* 425 F. Supp. 3d 1004, 1014 (N.D. Ill. 2019). In this case, FYI asks the Court to declare both that *The New*

*York Post* owns the copyrighted photographs under the Agreement and that Defendant's use of the photographs did not infringe. These are different rights and remedies from those asserted and sought in the Complaint. Consequently, Amended Counterclaim I is not redundant of Plaintiff's copyright claim, and Amended Counterclaim III is not duplicative of Defendant's fair use defense. That is because, were Plaintiff's copyright infringement claim to fail, Defendant would still lack the remedies it seeks: (1) a declaration that the copyright is invalid for lack of ownership; and (2) a declaration that Defendant's use of the works did not infringe upon Plaintiff's rights.

While not addressing the issue directly, Eleventh Circuit decisions have recognized a defendant's requests for declaratory relief as to invalidity in copyright infringement actions. *See Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc.*, 29 F.3d 1529 (11th Cir. 1994) (copyright action where both infringement claim and declaratory judgment counterclaim went to trial); *Norris Indus., Inc. v. Int'l Tel & Tel. Corp.,* 696 F.2d 918 (11th Cir. 1983) (recognizing plaintiff's claim for copyright infringement along with defendant's request for declaratory judgment that copyright was invalid). Because Plaintiff's failure to prove ownership of the copyright would not necessarily invalidate it, Amended Counterclaim I serves a useful purpose.

As for Amended Counterclaim III (non-infringement), here, Defendant is not only concerned with avoiding liability, but also with affirmatively establishing that it did not infringe. Thus, this counterclaim seeks affirmative relief separate and apart from Defendant's fair use affirmative defense. Further, "counterclaims seeking a declaration of non-infringement provide defendants an important procedural advantage," because in the event that the plaintiff's infringement claim is not resolved in its favor, the defendant "will still be able to move forward with the non-infringement counterclaim and thereby seek resolution of the infringement dispute." *Mercer Publ., Inc. v. Smart Cookie, Inc.*, No. C12-0188JLR, 2012 WL 12863934, at *6 (W.D. Wash. Jul. 25, 2012) (citation omitted). Accordingly, Amended Counterclaim III serves a useful purpose.

Finally, "when considering whether to dismiss a counterclaim for redundancy, courts should proceed carefully because 'it is very difficult to determine whether the declaratory judgment counterclaim really is redundant prior to trial.'" *Id.* (citing 6 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1406 (3d ed. 2011)). For these reasons, the Court exercises its discretion and declines to dismiss Amended Counterclaims I and III.

B.   **Amended Counterclaims II and IV "serve no useful purpose."**

After due consideration, the Court finds that Amended Counterclaims II and IV serve no useful purpose and must be dismissed. Amended Counterclaims II and IV seek, respectively, (1) a declaration that Defendant's use of Plaintiff's work was, in fact, use of a derivative work; and (2) a declaration that Defendant did not "willfully" infringe. [*See* ECF No. 59 at 7–8; 10]. Both counterclaims misread the law. For Counterclaim II, use of a derivative work is not a proper declaratory judgment counterclaim. It does not seek a declaration of the "legal rights" of the parties. The same is true with Counterclaim IV, which asks this Court to declare that Defendant's use of the photographs were not "willful".

Moreover, Defendant can still be held liable to Plaintiff for copyright infringement for using a derivative work. Under the Copyright Act, the owner of an original work possesses the rights to make derivative works. *See* 17 U.S.C. § 106(2); 17 U.S.C. § 103(b). "The aspects of a derivative work added by the derivative author are that author's property, but the element drawn from the pre-existing work remains on grant from the owner of the pre-existing work." *Stewart v. Abend*, 495 U.S. 207, 223 (1990) (citations omitted). "Therefore, unless the original work has passed into the public domain, and there is no such claim here, the re-use of a derivative work—including its reproduction and distribution—infringes the original copyright if the person who employs the work does not have a valid license or assignment for use of the pre-existing work." *Stern v. Lavender,* 319 F. Supp. 3d 650, 678 (S.D.N.Y. 2018) (citation and internal quotation marks omitted)). Accordingly, a

declaration that Defendant used a derivative work "serves no useful purpose," and Amended Counterclaim II is due to be dismissed.

As for Counterclaim IV (lack of willfulness), under the Copyright Act, infringement is "willful" if the infringer knew he was violating another's copyright or recklessly disregarded that possibility. 11TH CIR. PATTERN JURY INSTRUCTION (CIVIL) 9.32 (Copyright—Damages—Statutory Damages). "It is settled that innocent intent is generally not a defense to copyright infringement." *Williams Elecs., Inc. v. Artic Int'l, Inc.,* 685 F.2d 870, 878 (3d Cir. 1982) (citations omitted). However, lack of willfulness may affect the amount of damages awarded, were Plaintiff to prevail. *See id.* (citations omitted). That is a separate question. Because Amended Counterclaim IV does not seek a declaration of the parties' legal rights, it is not a properly asserted declaratory judgment counterclaim under 28 U.S.C. § 2201(a).

In sum, the Court concludes that Amended Counterclaims II and IV are not proper declaratory judgment claims in that they seek factual determinations regarding Defendant's use of Plaintiff's works.[3] "A declaratory judgment serves to clarify the legal relations and is not for the purpose of making factual determinations." *Medmarc Cas. Ins. Co.,* 783 F. Supp. 2d at 1216 (citing *Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC,* 650 F. Supp. 2d 1213, 1231 (S.D. Fla. 2009); *Eisenberg v. Standard Ins. Co.,* No. 09–80199, 2009 WL 1809994, at *3 (S.D. Fla. June 25, 2009)). Because Amended Counterclaims II and IV "serve no useful purpose" and are impermissible declaratory judgment counterclaims, they are DISMISSED WITH PREJUDICE.

---

[3] Defendant seems to conflate claims, counterclaims, affirmative defenses, and denials. Claims and counterclaims are affirmative requests for relief or recovery; whereas, affirmative defenses seek to limit or avoid liability. *F.D.I.C. v. Stovall,* No. 2:14-CV-00029-WCO, 2014 WL 8251465, at *2 (N.D. Ga. Oct. 2, 2014) (discussing the differences between counterclaims and affirmative defenses). Further, a denial of the allegations of the complaint is not only not a claim, but it is not an affirmative defense. *See, e.g., Solis v. Coutrier,* No. 2:08-cv-2732-RRB-GGH, 2009 WL 2022343, at *3 (E.D. Cal. Jul. 8, 2009) (denial of liability is not an affirmative defenses).

C.     **Amended Counterclaim V is dismissed**.

Amended Counterclaim V seeks a declaration that Plaintiff misused its copyright in violation of public policy. [ECF No. 59 at 10–11]. Specifically, Defendant alleges that "by leveraging his photographs to extort settlements or obtain default judgments through threats or initiation of costly copyright infringement ligation [among other things] … [Plaintiff] has … used the protections afforded … under the Copyright Act to secure an exclusive right or monopoly not granted by the Copyright Office." [*Id.* ¶ 70]. Although Plaintiff did not move to dismiss this counterclaim [*See* ECF No. 60], the Court has discretion under the DJA to decline to adjudicate it. *See First Mercury Ins. Co.,* 648 F. App'x at 865.

Copyright misuse is a doctrine derived from the equitable defenses of patent misuse and unclean hands. *Alcatel USA, Inc. v. DGI Techs., Inc.,* 166 F.3d 772, 792–93 (5th Cir. 1999) (quoting *Lasercomb, Am. Inc. v. Reynolds,* 911 F.2d 970, 979 (4th Cir. 1990) (quoting *Morton Salt Co. v. G.S. Suppiger,* 314 U.S. 488, 492 (1942)). The doctrine forbids a copyright holder from using a copyright "to secure an exclusive right or limited monopoly not granted by the Copyright Office and which it is contrary to public policy to grant." *Alcatel USA, Inc.,* 166 F.3d at 792 (citations and internal quotation marks omitted) (cleaned up). When properly asserted and proven, a copyright misuse defense bars recovery for a copyright owner who attempts to extend its limited copyright rights to property not covered by the copyright. *See Lasercomb Am. Inc.,* 911 F.2d at 972 (adopting defense of copyright misuse). The purpose of the defense is to prevent a litigant from securing an exclusive right which exceeds what has already been granted *via* the copyright. *Telecomm Tech. Serv., Inc. v. Siemens Rolm Comm., Inc.* 66 F. Supp. 2d 1306, 1324 (N.D. Ga. 1998) (declining to recognize copyright misuse defense). The copyright misuse defense does not apply "where plaintiff's misconduct is not directly related to the merits of the controversy between the parties." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 683 (M.D. Fla. 2002) (stating that "while the

defense of [copyright] misuse through violation of antitrust laws has been recognized by some courts, such a defense "has generally been held not to exist.") (citations and quotation marks omitted).

Copyright misuse is ordinarily presented as an affirmative defense to an action for copyright infringement. *Home Design Servs., Inc. v. Hibiscus Homes of Fla., Inc.,* No. 603CV1860ORL19KRS, 2005 WL 3445522, at *10–12 (M.D. Fla. Dec. 14, 2005) (refusing to dismiss copyright misuse defense in light of the Eleventh Circuit's leaving the door open at a later date). The Eleventh Circuit has not squarely foreclosed the possibility that copyright misuse may be used in an affirmative, declaratory judgment action context, the language it used in rejecting one such case makes this Court hesitate: "Although the patent misuse defense closely fits the copyright law situation *and may someday be extended* to discipline those who abuse their copyrights, *we decline to extend the application in the context before us* because there is no antitrust violation." *Bellsouth Advert. & Pub. Corp. v. Donnelley Info. Pub., Inc.,* 933 F.2d 952, 961 (11th Cir. 1991) (emphasis added), *reh'g granted and opinion vacated*, 977 F.2d 1435 (11th Cir. 1992), and *on reh'g,* 999 F.2d 1436 (11th Cir. 1993). Similarly, the Supreme Court to date has not "firmly established a copyright misuse defense in a manner analogous to the establishment of the patent misuse defense." *Lasercomb Am. Inc.,* 911 F.2d at 976; *Microsoft Corp.,* 211 F.R.D. at 685.

In this case, Defendant asserted copyright misuse both as a counterclaim and as an affirmative defense. [*See* ECF No. 59 at 10–11; ECF No. 58 ¶ 3]. Given the tenuous nature of copyright misuse in this Circuit as a *defense*, the Court declines to adjudicate it as a *counterclaim*. Accordingly, the Court, exercising its discretion, dismisses Defendant's Amended Counterclaim V.

### IV. CONCLUSION

In view of the foregoing and upon due consideration, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 60**] is **GRANTED IN PART** and **DENIED IN**

**PART**.  Amended Counterclaims II, IV and V are DISMISSED WITH PREJUDICE.  Plaintiff's Motion to dismiss Amended Counterclaims I and III is DENIED.

**DONE AND ORDERED** in the Southern District of Florida, this 17th day of October, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record